■ Capitol Refrigeration Co., Inc., Respondent, v. Massachusetts Bonding and Insurance Company et al., Appellants.— Appeal from an order of the Supreme Court at Special Term which granted summary judgment, and from the judgment entered thereon, in an action by a subcontractor of the general contractor for the construction of a motel against the surety on the general contractor's labor and material payment bond to recover the amount of $5,555 fixed by plaintiff's subcontract for the construction and installation of certain fixtures. In support of its motion, plaintiff submitted, with its moving affidavit, copies of the subcontract, the bond sued upon, the notice of claim served upon defendant surety and the latter's acknowledgment thereof, together with a photograph of the completed installation (and proof that the installation has been in continuous use since the motel opened for business) and an excerpt from the verified statement made by the general contractor to the owner (and filed in the general contractor's lien foreclosure action) pursuant to demand under section 38 of the Lien Law, stating the amount due plaintiff subcontractor as $5,555. As against this strong and impressive documentary proof no factual contradiction whatsoever is asserted and the affidavits in opposition do little more than to repeat the denials of information and belief set forth in the answer, with no indication whatsoever that complete information was not readily available and accessible at all times before and after the surety's receipt of plaintiff's claim some five months before the action was commenced and some eight months before defendants answered the motion. In certain respects, indeed, the asserted lack of knowledge is belied by other averments in the answering affidavits, as,

668

for example, the contention, again unsupported by any factual statement, that work under the contract did not comply with the plans submitted to defendant surety prior to the issuance of its bond. The argument that an issue exists as to the timely commencement of the action was not raised upon the motion and is not available here but, in any event, is refuted by one of the very affidavits filed in opposition to the motion which states the date of the contractor's default. Judgment and order unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.