■      JOSEPH R. SPELLER et al., Respondents, v. RYDER TRUCK RENTAL, INC., Appellant, and THOMAS SPELLER, JR., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered on July 1, 1974, denying defendant Ryder Truck Rental, Inc.'s motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, the motion granted, the complaint dismissed as to defendant-appellant, the cross complaint dismissed, and the action severed as to defendant-appellant.   This is an action to recover damages for personal injuries alleged to have been sustained by plaintiffs on October 29, 1973 while passengers in an automobile, owned and operated by defendant Thomas Speller, Jr., which collided with a vehicle owned by defendant Ryder Truck Rental, Inc., (hereinafter " Ryder "). The operator of the Ryder vehicle left the scene of the accident and his identity is unknown.   Scrutiny of the record discloses that the Ryder vehicle was rented to a Dennis Pryce, of 178 East 7th Street, New York City, on August 24, 1972, for one-day use.   Failure by the lessee to return the vehicle on August 25, 1973 resulted in the utilization by defendant Ryder of certain procedures in an attempt to secure return of the vehicle.   These steps were unavailing, and on October 24, 1973, Ryder filed a complaint with the 25th Precinct, New York City Police Department, listing the vehicle as missing.   A complaint number was assigned and an alarm issued.   Five days later, the missing vehicle was involved in the accident which gave rise to the plaintiffs' action.   The presumption under section 388 of the Vehicle and Traffic Law that the vehicle was being operated with the owner's knowledge and consent was rebutted by the evidence submitted by Ryder, to wit, the affidavit of its regional manager, Mr. Ralph Le Vine, together with documentary proof consisting of the rental agreement and the request by Ryder to the Police Department to search for the missing vehicle as verified by the Police Department.   Accordingly, it was incumbent upon plaintiffs to demonstrate defendant Ryder's responsibility (4A N. Y. Jur., Automobiles and Other Vehicles, § 922).   Relevant to this analysis, note is taken of subdivision 3 of section 165.05 of the Penal Law which provides that a person is guilty of an unauthorized use of a vehicle when " Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement ".   Plaintiffs have failed to carry their burden of showing that the vehicle was being operated with Ryder's knowledge and permission.   Speculation as to the applicability under the circumstances herein of section 1210 of the Vehicle and Traffic Law which relates to unattended vehicles is insufficient to raise a factual issue warranting denial of summary judgment.   It has often been observed that a party who opposes summary judgment must reveal his proofs in order to demonstrate that the matters set up in his pleading are real and can be established upon a trial (*Di Sabato* v. *Soffes,* 9 A D 2d 297).   Defendant Ryder is entitled to summary judgment dismissing plaintiffs' complaint and the cross claim of defendant Thomas Speller, Jr.   Concur — Markewich, J. P., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.