■ LYELL EXCAVATING CORPORATION, Respondent, v INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant International Fidelity Insurance Co. (International) appeals from an order granting plaintiff Lyell Excavating Corporation summary judgment. On November 13, 1973 a labor and material payment bond was executed by International as surety and by Bell-Hi Construction as principal. Penn View Construction Co. was named as obligee in the bond and the project was described as Penn View UDC—Greater Rochester, Inc., Penfield, New York. Plaintiff has shown by its complaint and bill of particulars, both verified, as well as certain documentary evidence submitted on the motion, that on July 15, 1974 it was employed at an agreed rate by Bell-Hi Construction, Inc., to perform site preparation work and road grading at the Penn View UDC—Greater Rochester, Inc., project; that between July 20, 1974 and August 16, 1974 it performed the work; that it has not been paid; and that it complied with the notice of claim requirements of the labor and material payment bond prior to the institution of this action. In opposition to the motion, International's attorney submitted an affirmation asserting, *inter alia,* that the plaintiff's work was not "performed in a phase of the construction" which was covered by the bond; and that there is an issue as to whether the entity designated Bell-Hi Construction Co., Inc., in the complaint is the same as that designated Bell-Hi Construction in the bond. The affirmation fails to elaborate further on either point. In view of plaintiff's convincing and well-supported position, International must show the existence of a genuine, substantial factual issue (see *Capitol Refrig. Co. v Massachusetts Bonding & Ins. Co.,* 19 AD2d 667; *Rubin v Irving Trust Co.,* 305 NY 288, 306) by a revelation of its proof *(Speller v Ryder Truck Rental,* 47 AD2d 608) and not by offering statements of factual or legal conclusions *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). The application of these requirements to International's response to the motion, shows it to be inadequate. Its averment that the bond covered only one phase of the work at the Penn View project is supported neither by an examination of the bond (see *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, 63) nor by any other evidence in the record. It is plainly a conclusion bereft of factual basis and thus unacceptable as a ground to defeat plaintiff's motion. International's additional claim that there is an issue of fact as to whether the entity for which plaintiff performed the work is the same as that designated on the bond is equally without merit. Not only does International fail to allege affirmatively that there are two entities, but the uncontradicted evidence indicates the contrary. The address of "Bell-Hi Construction" on the bond is the same as that to which plaintiff submitted its invoices and forwarded a notice of claim. The claim notice was, as shown by the post office return receipt, accepted by "Bell-Hi Construction" despite the fact it was addressed to Bell-Hi Construction Co., Inc. The judgment is affirmed. (Appeal from judgment of Monroe Supreme Court—summary judgment—surety bond.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.