WILLIAM E. PHOENIX, JR., as Administrator of the Estate of THELMA PHOENIX, Deceased, et al., Appellants, v ELIZA-BETH BOLTON, Defendant. DAVID BOLTON, Defendant and Third-Party Plaintiff-Respondent; INSURANCE COMPANY OF NORTH AMERICA et al., Third-Party Defendants-Appellants.

Third Department, December 8, 1977

**APPEARANCES OF COUNSEL**

*Hesson, Ford, Sherwood & Whalen (Daniel A. Whalen* of counsel), for appellants.

*Maynard, O'Connor & Smith (John A. Murray* of counsel), for Insurance Company of North America, third-party defendant-appellant.

*Donohue, Bohl, Clayton & Komar, P. C. (Myron Komar* of counsel), for Ed Ryan & Sons, Incorporated, third-party defendant-appellant.

*Millea, Segal & Bartlett* for Elizabeth Bolton, defendant.

*Carter, Conboy, Bardwell, Case & Blackmore (William P. Soronen, Jr.,* of counsel), for defendant and third-party plaintiff-respondent.

**OPINION OF THE COURT**

MAIN, J.

The underlying action herein arose out of an automobile accident on February 1, 1967 wherein a 1957 Chevrolet owned by defendant Elizabeth Bolton and operated by her son, defendant and third-party plaintiff David Bolton, was involved in a collision with a car owned and operated by plaintiff Robert Phoenix with the result that a passenger in the Phoenix auto, Thelma Phoenix, was killed. Pursuant to a stipulation of the interested parties, the sole issue litigated at the trial below was the insurance coverage in effect relative to the vehicle operated by David Bolton at the time of the accident to which vehicle David Bolton had affixed the license plates of a 1958 Ford station wagon on January 31, 1967. Following a trial without a jury, the court ultimately concluded that the 1957 Chevrolet was a newly acquired vehicle within the coverage of a policy of third-party defendant Insurance Company of North America (INA) issued by third-party defendant

Ed Ryan & Sons Agency to S and S Bus Service, Inc., a corporation of which Elizabeth Bolton was an officer. These appeals ensued.

Initially, we would note that except for its argument concerning a disparity in serial numbers between a 1958 Ford described in an FS-1 issued by the Ryan Agency and a 1958 Ford described in a letter from the Ryan Agency to INA, INA in effect concedes that the 1958 Ford was covered on February 1, 1967 by the INA policy in question. The record and particularly the testimony of Philip Pallozzi, a vice-president of the Ryan Agency, conclusively establish that the cited disparity was obviously the result of a clerical error and the Fords described in the FS-1 and the letter were actually one and the same car, i.e., the 1958 station wagon owned by Elizabeth Bolton.

Turning now to a central issue of the case, whether or not the 1957 Chevrolet was a replacement vehicle for the 1958 Ford so as to come within the coverage of the policy issued for the Ford and in effect at the time of the accident, we find that the trial court properly concluded that it was. Although there is a scarcity of New York law on this question, it has been held that to replace "means to supplant with a substitute or equivalent" *(Olenick v Government Employees Ins. Co.,* 42 AD2d 760, 761). Courts in other jurisdictions have persuasively ruled that the intent of the insured is an important factor in determining whether or not there has been a replacement *(Lambert v Northwest Ins. Co.,* 268 Ore 317) and that the meaning of "replace" must not be too severely construed so as to deny to the insured the protection to which he is entitled *(Pioneer Cas. Co. v Jefferson,* 456 SW2d 410 [Tex]). Here, there is evidence indicating, *inter alia,* that the Boltons intended to replace the Ford with the Chevrolet, that the Ford was not workable or safe for operation on the road, that it was never used by the Boltons after the initial transfer of the plates and that it was resold as junk. Under these circumstances, the court's finding that there had been a replacement with the Chevrolet is amply supported by the record and entirely proper (cf. *Patterson v Insurance Co. of North Amer.,* 6 Cal App 3d 310).

Similarly, we find that the trial court was correct when it ruled that, in driving the Chevrolet on February 1, 1967, David Bolton was acting with the implied permission of Eliza-

beth Bolton, the owner of the vehicle and the named insured in the INA policy according to the FS-1 issued. Section 388 of the Vehicle and Traffic Law gives rise to a presumption that the vehicle was being operated with the owner's consent *(Speller v Ryder Truck Rental,* 47 AD2d 608) and is supportive of the policy of this State that there should be recourse to a financially responsible defendant for one injured by the negligent operation of an automobile *(Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co.,* 35 NY2d 260). In this instance, evidence in the record indicates that the Chevrolet was purchased for David Bolton's use, that he was given the keys and possession of the vehicle, that he was told on the day before the accident that all of the insurance forms had been completed, and that on prior occasions he had switched the license plates between vehicles himself. Accordingly, even though there is also additional evidence suggesting that David's permission to drive the car had been limited by his mother, we cannot say that it was error for the trial court to rule that the cited statutory presumption had not been rebutted (cf. *Winnowski v Polito,* 294 NY 159; *Ryder v Cue Car Rental,* 32 AD2d 143).

INA's remaining contention that the court erred in denying permission to witness Pallozzi to offer certain opinion testimony as to whether or not the Ford would have been added to the INA policy in question had it been known that David Bolton would be its principal operator is likewise without substance. In addition to being possibly irrelevant, there was already evidence in the record as to how the hypothetical situation would have been handled.

■ In conclusion, we would finally point out that the trial court correctly granted judgment to the Ryan Agency as against David Bolton. Once it was determined that the INA policy covered the Chevrolet, any possibility that the agency would be liable to the Boltons for negligence in handling their insurance coverage was negated.

The order and judgment should be affirmed, with costs to abide the event.

GREENBLOTT, J. P., MAHONEY, LARKIN and HERLIHY, JJ., concur.

Order and judgment affirmed, with costs to abide the event.