150

In the Matter of the Arbitration between UTICA MUTUAL
INSURANCE COMPANY, Respondent, and PATRICIA LA-
HEY, Respondent-Appellant. LIBERTY MUTUAL INSUR-
ANCE COMPANY, Appellant-Respondent.

In the Matter of the Arbitration between GOVERNMENT
EMPLOYEES INSURANCE COMPANY, Respondent, and
JOHN EDGE, Respondent-Appellant. LIBERTY MUTUAL
INSURANCE COMPANY, Appellant-Respondent.

Second Department, August 1, 1983

#### APPEARANCES OF COUNSEL

*Rider, Drake, Sommers & Loeb, P. C. (Joseph A. Catania, Jr.,* of counsel), for appellant-respondent.

*Cline, MacVean, Lewis & Sherwin, P. C. (Ronald E. Helhoski* of counsel), for Utica Mutual Insurance Company and another, respondents.

*Finkelstein, Mauriello, Kaplan & Levine (Benjamin J. Fried* of counsel), for Patricia Lahey and another, respondents.

#### OPINION OF THE COURT

WEINSTEIN, J.

The instant proceedings emanate from an automobile accident which occurred on December 14, 1979 when a

rented vehicle operated by Daniel Deligne struck two pedestrians, Patricia Lahey and Laura Edge. The subject vehicle was owned by the Miller Auto Leasing Company. On November 30, 1979 it was rented by Miller Auto Leasing to one James H. Woolard for a one-day period. Pursuant to the testimony of Miller Auto Leasing's general manager, the vehicle was to have been returned by the lessee on December 1, 1979. The car was not returned to the lessor's facility, however, until December 22, 1979. It was conceded by the attorney for Liberty Mutual Insurance Company that there was a valid policy covering the subject vehicle which was in full force at the time of the accident.

In the interim, certain actions were taken on behalf of Miller Auto Leasing in an attempt to obtain the return of the vehicle. After December 3, 1979 the rental manager made telephone calls to Mr. Woolard's relatives, sent letters to him via certified mail (which were returned undeliverable), contacted the local police in both New York and New Jersey concerning the vehicle and drove to Long Beach Island, New Jersey, in an attempt to physically locate the vehicle. On December 10, 1979, Miller Auto Leasing filed a criminal complaint in the State of New Jersey regarding Woolard's failure to have returned the vehicle in accordance with the rental agreement (after unsuccessful attempts to notify him by certified mail to do so within 72 hours). A warrant dated December 10, 1979 was issued for defendant's arrest and a court appearance was set for January 8, 1980. At no time did the lessor alter its position that the vehicle was being operated without its consent after December 1, 1979.

By letter dated March 10, 1980, Liberty Mutual denied coverage of the subject vehicle on the ground that it was being driven, on the date of the accident, without the knowledge and consent of its policyholder, the owner thereof. The injured claimants thereafter commenced arbitration proceedings pursuant to the uninsured motorist provisions of their respective policies against the Utica Mutual Insurance Company and the Government Employees Insurance Company (GEICO). Each of the carriers then applied for a judgment staying arbitration and for a hearing on the question of whether or not the vehicle owned by

Miller Auto Leasing was being operated with the owner's consent pursuant to section 388 of the Vehicle and Traffic Law. By orders dated December 1, 1980 the petitions to stay arbitration were granted and the matters were set down for a hearing on the issue of coverage. A subsequent motion to have Liberty Mutual added as a party respondent in the carriers' proceedings was granted.

After a hearing conducted before Justice ISSEKS, the court concluded that the subject vehicle had not been uninsured at the time of the accident and ordered that arbitration be stayed. In its decision the court stated in pertinent part: "Under section 388 of the Vehicle and Traffic Law, proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied, and that presumption continues until there is substantial evidence to the contrary. The Court finds that the evidence herein is insufficient to rebut the presumption which holds the owner of the vehicle liable. The general public must be protected in accidents involving rental cars even where there is a deviation from private contract between the lessor and lessee. (*MVAIC v Continental National American Group Co.,* 35 NY2d 260). The reported theft does not mean that the vehicle was no longer being driven with permission. (*Banner Cas. v Lazer,* 81 Misc 2d 360). At the time of the accident herein, there is no showing that the vehicle was being operated by an individual who did not have the lessee's permission or that any demand was made upon the lessee to return the vehicle which he refused. Therefore, the Court concludes as a matter of law that the driver was operating the vehicle with the permission of the lessee, and the constructive consent of the lessor and with their permission. The Court concludes that the vehicle was not uninsured at the time of the accident and the arbitration is stayed."

The original judgment submitted to the court by the attorneys for claimants Lahey and Edge contained decretal paragraphs directing Liberty Mutual to defend its insured in the pending liability actions and, in the event of a judgment in favor of the claimants, requiring Liberty Mutual to indemnify its insured pursuant to its policy.

These two provisions were, however, stricken from the judgment under review. The judgment merely imposed the permanent stay of arbitration requested by Utica Mutual and GEICO. Liberty Mutual now appeals from the imposition of the stay.

We conclude that the attempts of Miller Auto Leasing to contact the lessee and to secure the return of its leased vehicle were sufficient to constitute a revocation of its consent to the lessee to operate the vehicle. The presumption under subdivision 1 of section 388 of the Vehicle and Traffic Law that the subject vehicle was being operated with the owner's knowledge and consent was rebutted by Liberty Mutual, to wit, the efforts of the lessor's rental manager to contact the lessee by telephone, certified mail and in person, the notification of local police in New York and New Jersey and the filing of a criminal complaint in New Jersey against the lessee. In view of this evidence, it became incumbent upon the claimants, Utica Mutual and GEICO to prove the continued responsibility of the Miller Auto Leasing Company (see *Speller v Ryder Truck Rental,* 47 AD2d 608). The record, however, is devoid of any evidence that the subject vehicle was being operated with the owner's knowledge and permission.

Notwithstanding the policy of this State to the effect that there should be recourse to a financially responsible defendant for one injured by the negligent operation of an automobile (*MVAIC v Continental Nat. Amer. Group Co.,* 35 NY2d 260, 264; *Phoenix v Bolton,* 59 AD2d 464, 467, mot for lv to app den 44 NY2d 637), considerations of public policy are not without their limitations. An innocent victim of an accident may not recover from a lessor or other owner when the offending vehicle was being operated without the owner's permission (*Hardeman v Mendon Leasing Corp.,* 87 AD2d 232, 238; *Speller v Ryder Truck Rental, supra*).

Under the instant circumstances where the lessee was guilty of the unauthorized use of a vehicle for a period of some 21 days beyond the term of his rental agreement (see Penal Law, § 165.05, subd 3), and where the lessor/owner took all the steps previously set forth herein, the victims

should not be permitted to recover from the lessor/owner or its insurer.

In view of our determination that the evidence presented sufficed to act as a revocation of the lessor/owner's consent that the vehicle be driven by the lessee, it is clear that Liberty Mutual had no duty to indemnify or defend its insured.

MOLLEN, P. J., TITONE and RUBIN, JJ., concur.

Judgment of the Supreme Court, Orange County, dated September 2, 1982, reversed, on the law, without costs or disbursements, and proceedings dismissed. Utica Mutual Insurance Company and Government Employees Insurance Company are directed to proceed to arbitration forthwith.

Cross appeals by Patricia Lahey and John Edge dismissed, without costs or disbursements. Said cross appeals were not properly perfected (see *Cooper v Basse*, 85 AD2d 616).