■ SYLVESTER Pow et al., Respondents, v RODRICK BLACK et al., Defendants, and FRANCO LORLETTI, Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 30, 1991, which denied defendant Lorletti's motion for summary judgment dismissing the complaint as to him, reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as to him.

In his affidavit in support of the motion, defendant Franco Lorletti, a resident of Hoboken, New Jersey, averred that on January 16, 1988 he had parked his Pontiac automobile in front of a stated address in that city at noon, and when he returned for it at 7:30 P.M. the same day the vehicle was gone. Within 15 minutes he reported the car as stolen to the Hoboken Police Department. Unfortunately, at about 4:00 P.M. the same day, that same car was involved in a collision with an AMC jeep owned by co-defendant Wiggins and operated by co-defendant Black at the intersection of East 166th Street and Teller Avenue in the Bronx, injuring plaintiff Sylvester Pow, a passenger in the Wiggins jeep, who brings this per-

sonal injury action against Black and the owners of the two vehicles. The driver of the Pontiac fled the scene, and the car was never recovered. Lorletti's claim against his own carrier for his theft loss was paid in full. In a supplemental affidavit, consistent with his report to the insurance company, he stated that he had locked the Pontiac and taken the only two keys to the car with him.

The motion court concluded that "the discrepancy between the time of the accident at 4 P.M. on January 16, 1988 and the time in which defendant's vehicle was reported stolen some three and one half hours later that day" raised a triable issue of fact as to whether the statutory presumption created by Vehicle and Traffic Law § 388—that an automobile is being operated with its owner's permission—was conclusively rebutted. Based on the proofs in this record, and the fact that the motion stands opposed only by the wholly speculative affidavit of plaintiffs' attorney (no opposition being offered by the co-defendants), we disagree, and grant the motion. The circumstance where a theft is reported prior to an accident might be one factor in favor of granting summary judgment (*Speller v Ryder Truck Rental,* 47 AD2d 608; *see, Matter of Utica Mut. Ins. Co. [Lahey],* 95 AD2d 150). But the failure to discover and report a theft until after the accident does not, of itself, preclude summary judgment (*Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583; *see also, Polsinelli v Town of Rotterdam,* 167 AD2d 579; *Bruno v Privilegi,* 148 AD2d 652).

Plaintiffs would have us deny relief in order to afford them discovery, invoking CPLR 3212 (f). In our view, plaintiffs have not made the threshold showing that "facts essential to justify opposition may exist", as required by that rule. The "mere hope" of plaintiffs that they "might be able to uncover some evidence during the discovery process" is insufficient to deny summary judgment (*Jones v Gameray,* 153 AD2d 550, 551). Concur—Sullivan, J. P., Wallach, Kassal and Rubin, JJ.