■ Jose L. Villamil, Respondent, v Budget Rental et al., Appellants, et al., Defendant. (And a Third-Party Action.) [721 NYS2d 638] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 7, 2000, which denied the motion of defendants Budget Rental, Budget Rental Car and Budget Rent A Car (collectively, Budget) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against said defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The complaint alleges that, on April 12, 1996, the 1981 Chevrolet sedan driven by plaintiff Jose Villamil was struck at the intersection of Tinton Avenue and 160th Street in the Bronx by a 1996 Ford Explorer owned by Budget. The Budget defendants moved for summary judgment dismissing the complaint against them, arguing that the vehicle was operated without permission. Therefore, they contend, they cannot be held vicariously liable for plaintiff's injuries (Vehicle and Traffic Law § 388 [1]).

The police accident report indicates that the driver of the Explorer was unknown, having fled the scene. A deposition taken from the renter, Sharon R. Bartholomew, discloses that she obtained the vehicle on March 29, 1996 at the Budget facility at the Baltimore-Washington International Airport in Maryland. She testified that she drove the Explorer to work on April 12, 1996, parking on the street, locking the truck and taking the keys. However, when Ms. Bartholomew left her office at the end of the work day, she found that the vehicle had been stolen and discovered that the keys were missing from her purse. She related the theft to the Baltimore Police Department at 7:24 P.M. that evening, according to the police report completed at the time. The collision of the Budget vehicle with

the Chevrolet sedan driven by plaintiff had occurred at approximately 6:20 P.M. that same evening.

In opposition to the motion, plaintiff maintained that a question of fact exists as to whether Budget's vehicle was operated with the renter's consent. Plaintiff maintains that the time difference between the accident and the filing of the theft report suggests that the renter gave someone permission to drive the vehicle to New York, where it was involved in the accident; that the unknown driver called the renter to inform her of the damage to the truck; and that the renter then reported the vehicle as stolen. Supreme Court agreed and denied Budget's motion.

"Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner's permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary" (*Greater New York Mut. Ins. Co. v Clark*, 205 AD2d 857, 858, *lv denied* 84 NY2d 807). However, defendants have presented substantial evidence to demonstrate that their vehicle was operated without consent. The testimony of the renter is uncontroverted, and plaintiff's suggestion that the vehicle might have been operated with her permission amounts to mere speculation. Moreover, this matter involves facts that are strikingly similar to *Pow v Black* (182 AD2d 484), which is entirely dispositive of the issue. As we noted in that case (at 485), "the failure to discover and report a theft until after the accident does not, of itself, preclude summary judgment" (citing *Guerra v Kings Plaza Leasing Corp.*, 172 AD2d 583; *Polsinelli v Town of Rotterdam*, 167 AD2d 579; *Bruno v Privilegi*, 148 AD2d 652). Concur—Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.