■ JOSE A. MARTE LOPEZ, Respondent, v GOLAN ACHDARY, Appellant, et al., Defendants. [64 NYS3d 220]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about September 26, 2016, which denied defendant Golan Achdary's motion for summary judgment dismissing the complaint and cross claim as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff seeks to recover for injuries he sustained while a passenger on a motorcycle owned by defendant Achdary when the motorcycle collided with a vehicle owned and operated by defendant Afriyie Adu and defendant David O. Saprong, respectively. After the accident, the unidentified operator of the motorcycle fled the scene.

Achdary rebutted the presumption that the unidentified individual was operating the motorcycle with his permission (*see* Vehicle and Traffic Law § 388 [1]; *Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Villamil v Budget Rental*, 281 AD2d 207 [1st Dept 2001]; *Pow v Black*, 182 AD2d 484 [1st Dept 1992]). His affidavit and documentary evidence establish that the motorcycle had been stolen from its parking spot on the street before the accident. His cellular phone record of calls made to 311, 911 and GEICO, his insurance company, confirm that he discovered and reported the theft of his motorcycle hours before the accident (*compare Hamilton v Hunt*, 288 AD2d 86 [1st Dept 2001]). Moreover, Achdary had in his possession both sets of keys to the ignition, which was tampered with, as well as the license plate, which he had removed from the motorcycle after parking it.

In opposition, plaintiff, whose memory of the accident is impaired, offered no evidence as to the identity of the operator of Achdary's motorcycle and failed to raise a triable issue of fact as to permissive use of the motorcycle. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.