■ In the Matter of WILLIAM D. WELBURN, Appellant, v HOWARD F. MILLER, as Director of the Division of the Budget, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Weiss, J.), entered January 16, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for an order requiring respondents to upgrade petitioner's civil service classification and for related relief. Since the facts, as recited in the petition itself, demonstrate that this proceeding was not commenced within the four-month period mandated by CPLR 217, the petition was properly dismissed. We reach no other issue. Judgment affirmed, without costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.

■ GLORIA K. FLECK, Appellant, v ANDREW C. FLECK, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered March 2, 1981 in Rensselaer County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, without costs, upon the opinion of Mr. Justice Harold J. Hughes at Special Term. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ ANNETTA B. SANTORIO, Respondent, v MICHAEL A. DIAZ, SR., Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered May 12, 1981 in Schenectady County, which denied a motion for summary judgment dismissing the complaint. Michael Diaz, Jr., the driver, was involved in a one-car accident in which plaintiff, his passenger, suffered injuries. She instituted a negligence action against the owner, the driver's father, Michael A. Diaz, Sr. Although the driver is a named defendant, he apparently was never served and is not a party to this action. The motion for summary judgment made by Michael A. Diaz, Sr., has as its predicate the claim that the driver, whose license had been revoked earlier, did not have the owner's permission or consent, express or implied, to use the vehicle. Both father and son submitted affidavits attesting to that fact. Special Term's denial of the motion prompted this appeal. Summary judgment is unavailable when, as here, the salient facts underlying the motion are solely within the knowledge of the moving party (*J & J Log & Lbr. Corp. v Hildebrand Mach. Co.,* 56 AD2d 910; *Utica Sheet Metal Corp. v Schecter Corp.,* 25 AD2d 928). Instead, the movant's version should be subjected to cross-examination at trial (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:19, pp 438-439). Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.