■ John Frame et al., Appellants, v Mack Markowitz, Inc., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McGinity, J.), dated May 20, 1985, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, and the motion is denied, with leave to renew after the completion of discovery.

The plaintiffs John Frame and Richard Nalbach were injured on February 1, 1983, when struck by an automobile owned by defendant Mack Markowitz, Inc., an automobile dealer, and operated, at the time of the accident, by one Raymond Hoffman. There is no dispute that the automobile in question had been stolen on the day before the accident and that Hoffman, at the time of the accident, was operating it without the owner's consent. The plaintiffs thereafter commenced the instant action to recover damages, seeking to hold the defendant liable upon a violation of Vehicle and Traffic Law § 1210 (a), which provides that "[n]o person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon". At the time of the accident herein, the above section was applicable only to those vehicles parked upon highways

and private roads open to the public (Vehicle and Traffic Law § 1100). In their complaint, the plaintiffs asserted that the defendant's vehicle had been left unattended with its motor running "in the roadway located near or about the front of 180 Main Street". Hempstead, i.e., the defendant's place of business.

The defendant brought the instant motion for summary judgment on the ground that no violation of the Vehicle and Traffic Law had occurred, as, at the time of the theft, the car was located not on the public roadway but within its private parking lot.

It has been held that Vehicle and Traffic Law § 1210 does not apply to automobiles left in private parking lots (see, *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681), although Vehicle and Traffic Law § 1100 has, since the accident here, been amended to cover that situation also.

In support of its motion, the defendant submitted the affidavit of an employee who witnessed the theft and who stated that the car had been left running in the defendant's private parking lot, which was not open to the public. In opposition, the plaintiffs could only reiterate their position that the automobile had been left on the street, pointing to the fact that the police report made no mention of the defendant's parking lot, but stated only that the vehicle had been stolen from 180 Main Street, Hempstead, the defendant's address.

Generally, questions of credibility on motions for summary judgment should not be determined by affidavit. Instead, under such circumstances, "the movant's version should be subjected to cross-examination at trial" *(Santorio v Diaz,* 86 AD2d 926). Additionally, summary judgment should be denied where knowledge of the facts "is * * * peculiarly within the possession of the movant" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262; *Zulferino v State Farm Auto. Ins. Co.,* 123 AD2d 432).

In the instant case, knowledge of the facts surrounding the theft are solely within the possession of the defendant. At this early stage of the proceedings, where no discovery has yet been conducted, the case should not be decided solely on the basis of the defendant's affidavit. In *Albouyeh v County of Suffolk (supra),* depositions had been conducted at which time the thief, as well as the vehicle owner, testified that the car had been stolen from private property, although their accounts varied greatly. Additionally, in *Albouyeh,* the plaintiffs did not contest the location of the car, as the plaintiffs do

here, but appeared to acknowledge the site of the theft as the parking lot and merely argued on appeal that "perhaps" at the time of trial, proof that the car was actually on a public road and not school grounds would be available. The situation in *Albouyeh* was thus different from the case at bar, where the plaintiffs have as yet had no opportunity to discover any facts in support of their position other than the police report.

Under the circumstances, the defendant's employee's affidavit should not have been considered determinative of the issue, and the motion for summary judgment should have been denied, with leave to renew after the completion of discovery. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.