(February 28, 1989)

■ ROBERT AVNER et al., Respondents, v 93RD STREET ASSOCIATION et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about August 17, 1988, which granted plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240, and directed an assessment of damages, unanimously reversed, on the law, and plaintiffs' motion denied, without costs.

Robert Avner, a plumber, was injured on May 10, 1985,

when he fell from a ladder while removing a temporary waterline from the lobby of a building under construction at 245 East 93rd Street in Manhattan.

In his affidavit in support of his motion for summary judgment, plaintiff alleged that he was furnished with a hacksaw and a pair of pliers and directed to remove the copper water pipe located approximately 15 feet above the floor. He then climbed a folding ladder, which, because a supporting column in the lobby prevented the ladder from being fully opened, had been placed in an unopened position with its feet against the base of the column and with its top leaning against the wall. According to plaintiff, as he cut through the pipe with the hacksaw, the pipe "fell onto him as he was extended to the right of the ladder, the top of the ladder slipped to the right, and he, the ladder, and the pipe fell to the floor."

In opposition, defendants submitted the affidavit of counsel, which was supported by a copy of an insurance company accident questionnaire, prepared and signed by plaintiff less than three weeks after the accident, in which he stated that "[a]fter I cut section of pipe, the line of pipe fell down, caught my leg and threw me off the ladder." In addition, in his deposition taken on May 11, 1987, the transcript of which was also submitted, plaintiff, when asked: "When you fell, did you fall because you lost balance, or because the pipe fell onto you?", responded: "The pipe fell onto me and pushed me down."

To recover under section 240 of the Labor Law, which imposes absolute liability upon an owner or contractor for failing to provide the necessary safety devices to give proper protection to a worker who is injured on the job, a plaintiff must demonstrate not only a violation of the section, but also that the violation was a proximate cause of his injuries. (Bland v Manocherian, 66 NY2d 452.)

Assuming, for purposes of the motion, that the folding ladder supplied to the plaintiff was not a proper safety device since it was not used, as it was intended to be used, in an opened position, questions of fact nevertheless exist as to whether the proximate cause of the accident was the shifting of the ladder, as alleged in plaintiff's moving affidavit, or the falling of the pipe, which knocked the plaintiff and the ladder to the ground, as stated in the accident questionnaire and deposition transcript.

Inasmuch as an affidavit or affirmation of an attorney

without personal knowledge may serve as the vehicle for otherwise admissible evidence *(Zuckerman v City of New York,* 49 NY2d 557, 563)—in this case the accident questionnaire and deposition transcript—and since questions of credibility should generally not be determined by affidavit *(Frame v Mack Markowitz, Inc.,* 125 AD2d 442, 443), summary judgment should have been denied. Concur—Murphy, P. J., Kupferman, Asch, Kassal and Wallach, JJ.