■ WILLIAM M. PLUM, III, Appellant, v LONG'S AUTO BODY, INC., et al., Defendants, and INSURANCE COMPANY OF NORTH

AMERICA, Respondent.—In an action to recover damages for personal injuries and for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated August 1, 1988, which denied his motion for summary judgment against the respondent on the second cause of action in the complaint.

Ordered that the order is modified by adding thereto, after the word "denied" in the penultimate paragraph thereof, the language: "without prejudice to renewal upon the completion of discovery"; as so modified, the order is affirmed, without costs or disbursements.

The instant action arose out of an automobile accident which occurred on June 21, 1986. The plaintiff was a passenger in a 1985 A.M.C. Jeep which was owned by the defendants Long's Auto Body, Inc. and Leonard Tarzia, and operated by the defendant Joseph Seminara. In his second cause of action, the plaintiff alleged that the defendant Insurance Company of North America (hereinafter INA) breached an insurance contract in failing to pay no-fault benefits to him. In its answer, the defendant INA alleged, *inter alia,* that the Jeep was operated without its owner's consent and permission and that the plaintiff passenger learned that the vehicle was stolen on the date of the accident, which was an exception to coverage.

In support of his motion for summary judgment, the plaintiff submitted an affidavit in which he denied that he had knowledge that the Jeep was stolen. However, other affidavits submitted in support of the motion, including those of the defendants Seminara and Tarzia, contradict each other on several material points and create an issue of fact which cannot be resolved at this juncture *(Raia Indus. v Young,* 124 AD2d 722; *Santorio v Diaz,* 86 AD2d 926). Accordingly, the motion should be denied without prejudice to renewal upon the completion of discovery. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.