■ WILLIAM A. HERNAN et al., Respondents, v LONG ISLAND RAILROAD et al., Defendants, and TOWN OF OYSTER BAY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay, appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated June 26, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims asserted against it, and (2), as limited by its brief, from so much of an order of the same court, dated October 24, 1989, as, in effect, denied those branches of its motion which were for "renewal and reargument", or, in the alternative, to modify the order dated June 26, 1989, to correct an alleged misstatement of fact.

Ordered that the order dated June 26, 1989, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated October 24, 1989, as denied reargument is dismissed, as no appeal lies therefrom; and it is further,

Ordered that the order dated October 24, 1989 is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff William A. Hernan was injured when he allegedly fell on a foreign substance on a walk ramp at the Bethpage Station of the Long Island Railroad. The plaintiff alleges that this substance was deposited by the defendant the Town of Oyster Bay (hereinafter the Town), when it treated the underbrush bordering the station. The Town moved for summary judgment dismissing the complaint insofar as it is asserted against it. In support of its motion, the Town submitted an affidavit of the Deputy Commissioner of Highways which stated that a review of the Department's books and records revealed that the Town was not involved in treating the underbrush bordering the station. Thus, the Town argues, its motion for summary judgment should have been granted. We do not agree.

The Town failed to make a prima facie showing of its entitlement to summary judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557). The affidavit of the Deputy Commissioner of Highways was not sufficient to demonstrate the absence of any material issues of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Moreover, knowledge of the facts concerning the defoliating activities of the Town, if any, are solely within the possession of the Town. Thus, at this stage of the proceedings, where no discovery has yet been conducted, the motion for summary judgment was properly denied *(see, Frame v Mack Markowitz, Inc.,* 125 AD2d 442, 443).

We have examined the appellant's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.