■ FRANCES REYES, Individually and as Guardian ad Litem of MARIA REYES, an Infant, Appellant, v. BURTON STERNBERG, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant.— Judgment for defendant entered upon dismissal of complaint by trial court at close of the case, unanimously reversed, on the law, with $50 costs and disbursements to abide the event, and a new trial directed. The proof of defendant's ownership of the motor vehicle which struck the plaintiffs created a presumption that the driver, a garage mechanic, was using the vehicle with the defendant's permission, express or implied. (See Vehicle and Traffic Law, § 59, now § 388.) This presumption was rebuttable but, even in the case of substantial evidence to the contrary, the question of consent and authority ordinarily presents an issue of fact. Upon the record here, the presumption was not rebutted as a matter of law by the testimony of the defendant (owner) that he had given the car to the mechanic for repair work to correct a difficulty in starting the engine and that he had not given the mechanic permission to drive the car. The issues, including questions of credibility, should have been submitted to the jury. (See *May* v. *Heiney,* 12 N Y 2d 683; *Leotta* v. *Plessinger,*

8 N Y 2d 449; *Cosimo* v. *Hollenbeck,* 19 A D 2d 921; *Brindley* v. *Krizsan,* 18 A D 2d 971.) Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Staley, Jr., JJ.