■ NORMA CAPALARIO, Respondent, v DAVID MURRAY, Defendant, and OHIO FAST FREIGHT CORPORATION et al., Appellants.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: On December 19, 1972 plaintiff was injured when the tractor trailer in which she was a passenger collided with a bridge abutment near the Village of Cleveland in Oswego County. The tractor portion of the vehicle was owned and operated by defendant Murray but was leased to defendant Ohio Fast Freight Corp. (Ohio), owner of the trailer. On January 12, 1973 plaintiff

accepted $15,000 in settlement of any claim she may have had against Ohio and released it from further liability to her as a result of the accident. She now seeks to set aside the release and has commenced an action alleging negligence on the part of both Murray and Ohio arising from the accident and further alleging fraud and other tortious conduct on the part of Ohio and its agents in connection with the method by which the release was obtained. After serving its answer which denied liability and asserted the release as a defense, Ohio moved at Special Term for an order dismissing the complaint or, in the alternative, for summary judgment. In support of its motion Ohio submitted a copy of the signed release plus an attorney's affidavit denying liability for plaintiff's injuries on the grounds that Murray was acting outside the scope of his express employment instructions by carrying a passenger in violation of company regulations. Attached to the affidavit was a copy of the applicable regulation prohibiting the transportation of passengers and excerpts from pretrial depositions of both plaintiff and Murray in which each admitted knowledge of the regulation, but stated that they were riding together anyway. There were no opposing papers submitted by plaintiff. Special Term found a question of fact and denied Ohio's motion. Section 388 of the Vehicle and Traffic Law makes Murray, as owner and driver of the tractor, and Ohio, as owner of the trailer and lessee of the tractor, jointly liable in a negligence action arising out of the operation of the combined vehicles. There is a presumption that Murray, as the driver, was operating the vehicle with Ohio's permission *(Kenneth v Gardner,* 36 AD2d 575), but such presumption may be overcome by a showing of substantial evidence to the contrary *(Leotta v Plessinger,* 8 NY2d 449). An owner may restrict the use of his vehicle when in the hands of another *(Burmaster v State of New York,* 7 NY2d 65), and a violation by the driver of an owner's restriction upon carrying passengers will relieve the owner of liability for injuries to the passenger resulting from the driver's negligence *(Psota v Long Is. R. R. Co.,* 246 NY 388; *Conca v Cushman's Sons,* 277 App Div 360). The proof submitted by Ohio in support of its motion was both substantial and uncontradicted. The presumption of permission was thus overcome and plaintiff was required to show some factual basis to defeat a motion for summary judgment and which would raise a question for a jury to determine. Absent such proof Special Term should have determined as a matter of law that at the time of the accident Murray was operating the tractor trailer beyond the scope of permission which had been given *(St. Andrassy v Mooney,* 262 NY 368; *Der Ohannessian v Elliott,* 233 NY 326; *Fisher v New York Good Humor,* 265 App Div 967) and granted summary judgment to Ohio. (Appeal from order of Oswego Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.