■ RICHARD O. MORRIS et al., Individually and as Administrators of the Estates of TIMOTHY M. MORRIS, and Another, Deceased, Appellants, v PALMIER OIL CO., INC., Respondent, et al., Defendant. — Appeal from judgments of the Supreme Court in favor of defendant Palmier Oil Co., Inc., and against defendant Michael L. Colon, entered February 16, 1982 and July 15, 1982 in Schenectady County, upon a verdict rendered at Trial Term (Mercure, J.). This action arose out of a fatal collision between an automobile owned by plaintiff Richard O. Morris and operated by plaintiff's intestate, Timothy M. Morris, and a GMC van owned by defendant Palmier Oil Co., Inc. (Palmier Oil) and driven by defendant Michael L. Colon. Defendant Colon admitted liability at the commencement of the trial. Therefore, apart from the issue of damages, the only factual contest at the trial was whether the van was being operated with the implied permission of the owner. The proof established that the van was used by Palmier Oil for making service calls to its customers. Robert Clark was employed as a serviceman by Palmier Oil, and since he had to respond to service calls at night and on weekends, the van was entrusted to him on virtually a full-time basis. Defendant Colon is the half brother of Clark and resided with him. When the accident occurred, Colon was driving the van after having borrowed it from Clark in order to deliver a bed to the home of their parents. The president of Palmier Oil testified that Clark had been instructed when he was first hired in 1975 that the van was not to be used by anyone but him and then only for company business. Palmier Oil's corporate secretary and service department manager confirmed that those instructions continued to be company policy and that he also had instructed Clark on several occasions since 1977 that the van was to be used for business purposes only and not for any personal use. Clark was called as a witness by Palmier Oil and confirmed that he was instructed that the van was not to be driven for anything but company purposes, that he was "sure they didn't want nobody else driving it" and that he "knew that it was wrong to let him take the truck, yes". The law is well established that restricted authorization to use a vehicle negates an owner's liability for an accident occurring subsequent to a breach of the restriction (*Leotta v Plessinger*, 8 NY2d 449, 461; *Chaika v Vandenberg*, 252 NY 101, 105-106; *Aetna Cas. & Sur. Co. v Brice*, 72 AD2d 927, 928, affd 50 NY2d 958). The foregoing evidence, if believed, was sufficient to rebut the statutory presumption of permission and to present a question for the jury on that issue. As stated in *Leotta v Plessinger*, 8 NY2d 449, 461, *supra*), "[I]t is unquestionable that, unless the evidence adduced has no merit whatsoever, *the question* of consent and authority is for the jury." Plaintiffs' remaining points on appeal concern various evidentiary rulings by the trial court, only two of which merit discussion. During cross-examination of Clark, plaintiffs' attorney was prevented from inquiring into whether Clark and Mr. Palmier remained good friends. It is arguable that the manner in which this inquiry was pursued was technically objectionable as to form, but in any event, any error was harmless. Clark was no longer employed by Palmier Oil, and his direct testimony reveals that he was not an entirely co-operative witness for his former employer. Plaintiffs' attorney was permitted fully to explore the existence of a continuing business relationship between Clark and Palmier Oil and also the extent to which the employer was aware that Clark occasionally used the vehicle for his personal use. Under these circumstances, the tenuous inference of bias which might have been drawn from Clark's continued friendship with the Palmier family could not have affected the jury's verdict. The trial court also excluded the testimony of a private investigator hired by plaintiffs concerning a statement of Clark describing a conversation between him and one of the Palmiers shortly after the accident. Plaintiffs sought to introduce this evidence as a prior inconsistent statement. In the cross-exami-

nation of Clark, however, plaintiffs failed to confront him with the statement by specifying the time and place, the person to whom it was made, and the language or the substance of the language used. Therefore, no proper foundation had been laid for the introduction of the allegedly inconsistent statement, and the court correctly refused to receive independent evidence of it (Richardson, Evidence [10th ed], § 502, p 488). Accordingly, the jury's verdict exonerating Palmier Oil from liability should be upheld. Judgments affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.