■ HASSAN ALBOUYEH, Individually and as Administrator of the Estate of BAHMAN ALBOUYEH, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Respondents, and GAETANO CUSIMANO, Appellant. (Action No. 1.) ANN RICHARDSON, Individually and as Administratrix of the Estate of SCOTT RICHARDSON, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Respondents, and GAETANO CUSIMANO, Appellant. (Action No. 2.) RICHARD D. FORBES, III, et al., Respondents, v COUNTY OF SUFFOLK et al., Respondents, and GAETANO CUSIMANO, Appellant. (Action No. 3.) — In three actions to recover damages for wrongful death, etc., defendant Gaetano Cusimano appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones,

J.), dated December 21, 1982, as denied that branch of his motion for summary judgment which sought dismissal of plaintiffs' complaints as against him. Order reversed, insofar as appealed from, on the law, with one bill of costs payable by respondents appearing separately and filing separate briefs, motion granted and complaints dismissed as against defendant Gaetano Cusimano. Subdivision 1 of section 388 of the Vehicle and Traffic Law imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his permission. That section gives rise to a presumption that the vehicle is being operated with the owner's consent (see *Leotta v Plessinger,* 8 NY2d 449, 461; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, affd for reasons stated in mem at App Div 50 NY2d 958). The presumption of consent has been characterized as "very strong" and continues until there is substantial evidence to the contrary (see *Leotta v Plessinger, supra; Aetna Cas. & Sur. Co. v Brice, supra; Blunt v Zinni,* 32 AD2d 882, 883). In the instant case, evidence in the record indicates that the 1963 Buick Wildcat owned by appellant, which was involved in a two-car accident resulting in the deaths of the plaintiffs' decedents, was stolen by the driver defendant Julee Conlon. At her examination before trial, Conlon admitted stealing the car. Testimony elicited at the examination before trial of the police officer who was at the scene of the accident revealed that Conlon admitted to him that she had stolen the vehicle. Although the testimony of appellant and Conlon, elicited at their respective depositions, is at wide variance with reference to the circumstances under which the automobile was stolen, there is no factual issue to be resolved with respect to whether Conlon used the vehicle with the consent of the appellant owner (see *General Acc. Group v Noonan,* 66 Misc 2d 528; cf. *Santorio v Diaz,* 86 AD2d 926; *Phoenix v Bolton,* 59 AD2d 464, 467). The remaining question in the case at bar is whether appellant violated subdivision (a) of section 1210 of the Vehicle and Traffic Law. That section reads in pertinent part as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway". At common law the owner of a vehicle was not liable for the negligence of a thief (see, e.g., *Lotito v Kyriacus,* 272 App Div 635, mot for lv to app dsmd 297 NY 1027; *Walter v Bond,* 267 App Div 779, affd 292 NY 574; *Mann v Parshall,* 229 App Div 366). Hence, at bar, in the absence of an applicable statute, appellant could not be held liable for the damages caused by Conlon in the operation of his vehicle. A major issue that must be resolved before the applicability of subdivision (a) of section 1210 of the Vehicle and Traffic Law can be determined is whether appellant's vehicle was parked on a public highway. Subdivision (a) of section 1100 of the Vehicle and Traffic Law provides that the provisions of title 7 of that law "apply upon highways and upon public roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section". Section 1210 is found in article 33 of title 7 of the Vehicle and Traffic Law. Subdivision (a) of section 1210 has been held inapplicable to a privately owned parking lot (*Podstupka v Brannon,* 81 Misc 2d 338, affd on opn of Niehoff, J., at Trial Term 54 AD2d 692) and to a private driveway (*General Acc. Group v Noonan,* 66 Misc 2d 528, *supra*). In her deposition, Conlon stated that she had stolen appellant's car from the parking lot or driveway of a school where it had been left unattended with the motor running. In their papers opposing the motion for summary judgment, the respondents generally referred to the site of the theft as a parking lot. One of the respondents argues on this appeal that summary judgment on this issue is

precluded because "[p]erhaps at the time of trial, proof will be adduced by way of testimony, plans diagrams and/or photographs" of the school building and adjacent area, presumably to establish that the subject vehicle was taken from a public road. That argument, standing alone, even if it had been made at Special Term, would not have been sufficient to defeat a motion for summary judgment. It is well settled that parties opposing a motion for summary judgment are under a duty to lay bare their proof in their opposing papers in order to show that their allegations are capable of being established at a trial (see *Zuckerman v City of New York,* 49 NY2d 557, 562; *Di Sabato v Soffes,* 9 AD2d 297; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:4, p 426). Accordingly, absent some showing of the existence of evidence that appellant's statutory liability can be established, the complaints against him should have been dismissed. Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.