*683 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs to defendant Cusimano.
Defendant Cusimano testified on deposition that he had left his car locked in the driveway of his home and denied that defendant Conlon, the driver of the vehicle at the time of the collision which gives rise to this action, was driving it with his permission. The fact that defendant Conlon stole the car from the driveway of the New York Institute of Technology was stated, without contradiction, in her deposition testimony and in the testimony of the arresting officer that at the scene of the accident she admitted that she had stolen the car. That Conlon testified to having stolen the car from a place different than Cusimano testified he had left it and that Mrs. Cusimano attended New York Institute of Technology are insufficient to create a jury question with respect to permission in the face of Conlon’s admission against penal interest. Under those circumstances the presumption of permission arising from Cusimano’s admission of ownership was rebutted by the uncontradicted evidence and he was entitled to summary judgment dismissing the complaint (St. Andrassy v Mooney, 262 NY 368; Der Ohannessian v Elliott, 233 NY 326; Wilson v Harrington, 269 App Div 891, affd 295 NY 667; see Payne v Payne, 28 NY2d 399, 405; 1 NY PJI2d 47).
Nor was summary judgment for defendant Cusimano foreclosed by the provisions of subdivision (a) of section 1210 of the Vehicle and Traffic Law. That provision applies only “upon highways and upon private roads open to public motor vehicle traffic” unless otherwise expressly provided (Vehicle and Traffic Law, § 1100, subd [a]). There is, however, no presumption that the New York Institute driveway is a private road open to public motor vehicle traffic. It was, therefore, plaintiffs’ burden to go forward with proof establishing prima facie that the place from which Conlon stole the vehicle was a highway or such a private road. The suggestion that proof may be adduced at trial that the car was in fact on the public highway when Conlon took it is insufficient to meet that burden, it being neither proof in *684 evidentiary form nor a fact unavailable to plaintiffs within the meaning of CPLR 3212 (subd [b]).
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in memorandum.
Order affirmed, etc.