■ MICHAEL L. COLON, Respondent, v AETNA LIFE AND CASUALTY INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered August 19, 1983 in Schenectady County, which, *inter alia,* granted plaintiff's cross motion for summary judgment on the issue of liability.

Michael L. Colon was the driver of a vehicle, insured by Aetna Life and Casualty Insurance Company, which was involved in an automobile accident. In a negligence action based on the accident, Colon admitted liability such that the only factual issue for trial, other than damages, was whether Colon was driving the vehicle with the owner's permission. Prior to trial, Aetna notified Colon that it was disclaiming coverage because, based on its investigation, it believed that Colon was not driving the vehicle with the owner's permission. After trial, the jury found that there had been no permission and, on appeal, this court affirmed (*Morris v Palmier Oil Co.,* 94 AD2d 911). Colon then commenced this action to recover counsel fees on the ground that Aetna had a contractual obligation to defend him in the negligence action. Special Term granted Colon's cross motion for summary judgment and Aetna appealed.

The obligation of an insurer to defend arises whenever the complaint in the underlying action alleges any facts which, if

proven, would bring the action within the risk covered by the policy (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69, 72; *International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325). This is so regardless of the fact that it may ultimately be determined that the insurer is not liable to indemnify; indeed, the insurer must come forward to defend its insured "no matter how groundless, false or baseless the suit may be" (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670; *Utica Mut. Ins. Co. v Cherry*, 38 NY2d 735, 737). Thus, in determining whether an insurer is obligated to defend, the focus of the inquiry is the complaint in the underlying action, not the ultimate resolution of the action.

In the instant case, the complaint in the underlying action clearly alleges that Colon was operating the motor vehicle with knowledge and consent of the owner. If this allegation was correct, Colon would be deemed an "insured" and would have been covered by the policy (see Insurance Law, § 167, subd 2). Therefore, at the time of service of the complaint, a duty arose on the part of Aetna to defend Colon. The fact that, prior to resolution of the dispute between Colon and Aetna, it was determined in the underlying action that Colon was not covered by the policy is irrelevant, since the duty to defend was fixed at the time of the service of the complaint. The decision of the Court of Appeals in *Utica Mut. Ins. Co. v Cherry* (*supra*) is illustrative. There, a civil action was commenced after the insured killed an individual with his automobile. Prior to trial in the civil action, the insured was convicted, after a trial, in criminal court of first degree manslaughter. Since an intentional act was without the coverage of the policy, the insurer disclaimed any obligation to defend. The Court of Appeals held that, because the civil complaint contained a cause of action for common-law negligence, which was covered by the policy, the insurer was obligated to defend despite the fact that it had already been determined, beyond a reasonable doubt, that the insured acted intentionally.

Thus, in the instant case, Special Term properly granted summary judgment to Colon. To hold otherwise would encourage insurers to disclaim any obligation to defend and hope that, fortuitously, the underlying action resulted in a determination that the occurrence was without the coverage of the policy. Such would be against the policy enunciated by the Court of Appeals.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). The accident which formed

the basis for the underlying negligence action occurred on December 4, 1977. A notice of disclaimer, dated January 25, 1978, was forwarded to Michael L. Colon by Aetna Life and Casualty Insurance Company, advising Colon that their investigation disclosed he did not have permission or consent, expressed or implied, from their insured to operate its vehicle, which was involved in the accident. He was also advised to contact his own insurance carrier since Aetna's investigation had disclosed that he was the owner of a private passenger vehicle. A judgment of the Supreme Court entered February 16, 1982 against Colon, a defendant in the underlying negligence action, was based upon a verdict of a jury which specifically found that he was operating Palmier Oil Company's insured vehicle without its permission or consent. The instant action was commenced by Colon by service of a summons dated March 29, 1983, apparently subsequent to the affirmance by this court of the determination of the jury in the underlying negligence action (*Morris v Palmier Oil Co.,* 94 AD2d 911).

In order to succeed in this action, Colon must establish, as a matter of law, that Aetna breached its contractual duty to him under the terms of its insurance policy (see *Robb v Royal Globe Ins. Co.,* 48 AD2d 935). This he cannot do, since the coverage question has been resolved in the prior action. Moreover, as a stranger to the contract, he cannot create coverage which never existed initially (*Zappone v Home Ins. Co.,* 55 NY2d 131; *Katz v Allstate Ins. Co.,* 96 AD2d 930).

In my view, Aetna fulfilled its obligation to its insured, Palmier Oil Company, by defending the action against it on the basis of unauthorized use of its vehicle by Colon. Their obligation was to protect their insured from a judgment against it up to or beyond the limits of coverage in the policy. I fail to see how this could be accomplished by providing a defense to Colon, particularly in view of his admission of liability in the underlying wrongful death action. It does not seem fair to penalize Aetna for exercising its right to make a good-faith disclaimer of coverage, founded on an independent investigation and considered judgment, merely because of an allegation in a complaint made with notice that such allegation lacked foundation in fact. Moreover, that judgment was vindicated by the verdict of the jury which was the forum where the question of coverage should be, and was, involved (see *Cordial Greens Country Club v Aetna Cas. & Sur. Co.,* 41 NY2d 996).

I would reverse the order appealed from and grant summary judgment dismissing the complaint to Aetna.