◼ MARGARET M. WALLS et al., Appellants, v ROSEANNE ZUVIC, Respondent.—In an action to recover damages for personal injuries, etc., plaintiff Margaret Mary Walls appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered August 8, 1983, which was in favor of defendant dismissing the complaint, upon a jury verdict.

Judgment affirmed, with costs.

Vehicle and Traffic Law § 388 (1) provides that the owner of a motor vehicle is liable for the negligence of one who uses or operates the vehicle with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent *(see, Leotta v Plessinger,* 8 NY2d 449, 461; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, *affd* 50 NY2d 958 *for reasons stated in mem at App Div; Albouyeh v County of Suffolk,* 96 AD2d 543, 544, *affd* 62 NY2d 681). This strong presumption continues until there is substantial evidence to the contrary *(see, Leotta v Plessinger, supra; Aetna Cas. & Sur. Co. v Brice, supra; Albouyeh v County of Suffolk, supra).* It is equally well established that in granting permission for the use of an automobile, the owner may limit its use to a specified area or purpose. Any use outside of this scope of permission negates the owner's liability under Vehicle and Traffic Law § 388 *(see, Hardeman v Mendon Leasing Corp.,* 87 AD2d 232, *affd* 58 NY2d 892; *De Lancey v Nationwide Ins. Co.,* 26 AD2d 631, *affd* 20 NY2d 807; *Harper v Parker,* 12 AD2d 327, *affd* 11 NY2d 1095; *Arcara v Moresse,* 258 NY 211). Thus, proof of a limitation on the permission for the use of an automobile may serve to rebut the presumption of consent.

"When, as here, the owner does offer proof tending to rebut the presumption of consent, the issue then becomes a question of fact for the jury" *(Lincoln v Austic,* 60 AD2d 487, 491).

In the instant case, evidence in the record indicates that the defendant, owner of a 1975 Chrysler Cordoba automobile, entrusted her car to the mother of plaintiff Margaret Mary Walls for several days for the purpose of her deciding whether to purchase the car for Margaret's use in commuting to school. The parties both admit that Margaret (hereinafter plaintiff) was given permission to test drive the car and to have it inspected by a mechanic if she so desired. Defendant left the car with plaintiff's mother on a Sunday with the understanding that a decision as to whether to purchase it was to be made on the following Wednesday. On Tuesday plaintiff drove the car to pick up her boyfriend and then, after picking up two of his friends, plaintiff allowed her boyfriend to drive the car. He first drove to a store and purchased some beer and then to a park where he and his friends drank beer. When they left the park, the boyfriend, who was again driving, lost control of the car and struck a tree. Plaintiff, who was a passenger in the car at the time of the accident, now seeks to recover damages for her personal injuries which she incurred as a result of that accident.

The court, apparently following PJI 2:246, instructed the jury, without objection by plaintiffs, that "[i]n granting permission for the use of a vehicle, an owner may restrict such use to a specified area or purpose. Use of the vehicle beyond such area or for another purpose would then be without the owner's permission, and the Defendant could not be held responsible for the user's negligence". The jury subsequently returned a verdict for defendant, finding that the operator, plaintiff's boyfriend, was using the car without the express or implied permission of the defendant owner.

On appeal, plaintiffs contend that at trial no evidence was presented of any restriction or limitation placed upon the use of defendant's car. Both plaintiff and her mother testified, however, that the sole purpose for which the defendant entrusted her car to them was to permit them to test drive it and have it inspected by a mechanic if they desired, thus enabling them to make an informed decision regarding their prospective purchase. Under the circumstances, we find that the issue of whether the use being made of the defendant's vehicle at the time of the accident fell within the grant of permission given by her properly raised a question of fact for the jury *(Lincoln v Austic,* 60 AD2d 487, 491, *supra),* and we

see no basis for disturbing its finding. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.