■ DIANE J. ROONEY, Appellant, v AUDREY D. MYERS et al., Defendants, and FREDERICK ISENGARD, Respondent.—Yesa-

wich, Jr., J. Appeal from an order of the Supreme Court (Bryant, J.), entered August 7, 1986 in Tompkins County, which granted defendant Frederick Isengard's motion for summary judgment dismissing the complaint against him.

Plaintiff, a pedestrian struck by a car while proceeding along a crosswalk, instituted suit to recover damages for injuries she suffered in the incident, which occurred September 27, 1983. The car involved, recently purchased by defendant Frederick Isengard and then sold to defendant Nancy Bell, was the subject of a sales agreement dated July 12, 1983 executed by Isengard and Bell. The sales agreement provided, in part, that: "The title is being processed in Albany at the present time. I am allowing Nancy Jo Bell to use my plates and insurance until such title is returned from Albany, with the understanding that she will be the sole driver. If any other person is found driving the said car the plates will be picked up immediately and insurance canceled."

At the time of the accident, in contravention of this agreement, defendant Audrey D. Myers was driving the car. There is no indication in the record that Isengard had knowledge of, or consented to, Myers' use of the vehicle, title to which was eventually transferred to Bell after September 27, 1983.

Though served in this action, neither Bell nor Myers has appeared; both presumably are uninsured. After being deposed by plaintiff, Isengard sought and Supreme Court granted his motion for summary judgment, reasoning that the restricted authorization contained in the sales agreement satisfactorily rebutted the presumption of permissive driving generated by Vehicle and Traffic Law § 388 and thus insulated Isengard from liability for the accident. We concur.

Vehicle and Traffic Law § 388 creates a rebuttable presumption that the driver of a vehicle is using it with the owner's permission and consent, express or implied, and this presumption continues until substantial evidence to the contrary is produced (*Leotta v Plessinger,* 8 NY2d 449, 461). Evidence sufficient to rebut the presumption may take the form of an agreement limiting the vehicle's use (*Chaika v Vandenberg,* 252 NY 101; *Conca v Cushman's Sons,* 277 App Div 360). An unambiguous and unequivocal agreement "restrict[ing] authorization to use a vehicle negates an owner's liability for an accident occurring subsequent to a breach of the restriction" (*Morris v Palmier Oil Co.,* 94 AD2d 911). More often than not, a question of fact arises as to whether the presumption has been rebutted. Where, however, the " 'evidence * * * has no

merit whatsoever' ", the question of permission and consent may properly be disposed of summarily (id., quoting Leotta v Plessinger, supra, at 461).

That is the circumstance presented by this appeal. The wording of the sales agreement is not equivocal or ambiguous on the matter of permission; it expressly withheld consent to drive from all save the purchaser of the car. And although plaintiff makes reference in her brief on this appeal to Bell and Myers as "cousins" and to Myers' use of the vehicle as being "by a member of the permissive user's family", the record is totally barren of any evidence suggesting any such relationship, or how that relationship gives rise to a material, triable issue of fact which would preclude summary judgment. Indeed, the only issue purportedly raised by the answering papers submitted on plaintiff's behalf, as framed by her counsel in his affidavit, which was made on information and belief, is a fruitless assertion that because of the time which elapsed between the execution of the July 12, 1983 agreement and the accident, a space of some 2½ months, there is a question of fact with respect to whether the agreement is binding upon plaintiff and Bell and Myers. There being no factual basis in the record for questioning the validity of the agreement or its breach, summary judgment was properly granted to Isengard.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.

Levine, J., dissents in a memorandum. Levine, J. (dissenting). I respectfully dissent. The statutory presumption of express or implied permission (Vehicle and Traffic Law § 388) is a strong one and, even when rebutted by substantial uncontradicted evidence, ordinarily this only creates an issue of fact for the jury (May v Heiney, 12 NY2d 683; Leotta v Plessinger, 8 NY2d 449; Piwowarski v Cornwell, 273 NY 226, 229; Ryder v Cue Car Rental, 32 AD2d 143, 147; Reyes v Sternberg, 27 AD2d 828; Cosimo v Hollenbeck, 19 AD2d 921). At the very least, since the presumption shifts the risk of nonpersuasion to the defendant owner, issues of credibility remain open for resolution by the jury (James, Burdens of Proof, 47 Va L Rev 51, 69; see, Reyes v Sternberg, supra). Therefore, the fact patterns where the rebuttal of the presumption has been held sufficiently strong to warrant summary judgment or a directed verdict have generally been where the uncontrovertible proof established that the driver had stolen the vehicle (see, Albouyeh v County of Suffolk, 96 AD2d 543, affd 62 NY2d 681) or uncontradicted evidence from disinterested witnesses prove that the person to whom the car had been entrusted had

exceeded his authority (see, Capalario v Murray, 52 AD2d 1037).

Here, the stipulation between the owner and the purchaser of the vehicle, which the majority finds conclusive of nonconsent, was made some 2½ months before the accident. The buyer paid the full purchase price at the time and the only reason title was not then transferred was that the owner had to first process his own title through the Department of Motor Vehicles. The buyer was for all intents and purposes the beneficial owner of the car. A jury could well have inferred under these circumstances that the parties to the sale contemplated that only a brief period would elapse before conveyance of title was completed and that the restriction on use by other drivers was likewise only to be temporary. The availability of the buyer or the driver at the time of the accident to be called as witnesses for the trial or to be deposed before trial by either party is not revealed in the record. If anything, the facts suggest possible unavailability, in which case the evidence on express or implied consent would be exclusively within the knowledge of the owner, an interested witness, and plaintiff would not be in a position to contradict it (see, Piwowarski v Cornwell, supra; Cosimo v Hollenbeck, supra). For all of these reasons, in my view, summary judgment dismissing the complaint as against the owner should have been denied.