■ KIMBERLY A. POLSINELLI, an Infant, by JOHN G. POLSINELLI, Her Parent and Natural Guardian, Appellant, v TOWN OF ROTTERDAM et al., Defendants, and KATHLEEN E. STEIN, Respondent. (And a Third-Party Action.)—Levine, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered May 30, 1989 in Schenectady County, which granted defendant Kathleen E. Stein's motion for, *inter alia,* summary judgment dismissing the complaint against her, and (2) from an order of said court, entered October 11, 1989 in Schenectady County, which, *inter alia,* denied plaintiff's motion for leave to renew or reargue.

Plaintiff was seriously injured in May 1985 when she was struck by a car owned by defendant Kathleen E. Stein and operated by Stein's brother, defendant Michael McGee, as she crossed Guilderland Avenue in the Town of Rotterdam, Schenectady County. Thereafter, the instant action was commenced on plaintiff's behalf by her father against defendants Town of Rotterdam and Rotterdam-Draper Union Free School District, who in turn commenced a third-party action against Stein and McGee. That third-party action is not at issue on this appeal.

Following discovery, Stein moved for summary judgment dismissing the third-party complaint against her. Prior to submission of the motion, plaintiff was granted leave to amend the complaint to assert a direct claim against Stein and McGee. In the amended complaint, plaintiff alleged, *inter alia,* that Stein was liable for McGee's negligence in operating the vehicle owned by her with her permission. Supreme Court then granted Stein's motion for summary judgment and dis-

missed both plaintiff's complaint and the third-party complaint against her. Subsequently, plaintiff moved to reargue or renew Stein's summary judgment motion and Supreme Court denied that motion. These appeals by plaintiff followed.

Plaintiff's main contention on appeal is that Supreme Court erred in granting Stein's motion for summary judgment because issues of fact remain as to whether McGee was driving Stein's car with her consent. We disagree. Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle liability for the negligence of any person who uses or operates that vehicle with the owner's permission, express or implied. That provision creates a rebuttable presumption, which continues until there is substantial evidence to the contrary, that the driver was using the vehicle with the owner's consent (see, Leotta v Plessinger, 8 NY2d 449, 461; Bruno v Privilegi, 148 AD2d 652, 653; Rooney v Myers, 132 AD2d 839, 840, lv denied 70 NY2d 612; Albouyeh v County of Suffolk, 96 AD2d 543, 544, affd 62 NY2d 681). In this case, the evidence submitted by Stein in support of her motion established that in April 1985, she left her car with another brother, Timothy, to be repaired. Timothy then repaired the car and parked it in the driveway of his residence. At his examination before trial (hereinafter EBT), McGee testified that he was living with Timothy during April and May 1985 and that on three separate occasions during that period, including the day of the accident, he took the keys to Stein's car and drove the car without the knowledge or permission of either Timothy or Stein. McGee further testified that following the accident, he pleaded guilty to unauthorized use of a motor vehicle. McGee's testimony was corroborated by that of Timothy and Stein who stated that they did not give McGee permission to drive Stein's car and that they were unaware that he had been driving the car. In fact, Stein testified that she had not been in contact with McGee for years prior to the accident and that at the time she left her car with Timothy, she did not know that McGee was living with him. Additionally, Stein testified that she had never given McGee permission to drive her car in the past.

In our view, the foregoing evidence is sufficient to rebut the statutory presumption of consent as a matter of law (see, Bruno v Privilegi, supra; Albouyeh v County of Suffolk, supra). Thus, Stein has demonstrated her entitlement to summary judgment. In opposition, plaintiff has failed to submit evidence establishing the existence of a factual issue as to consent. While plaintiff's counsel asserts in her affidavit that the various EBT testimony presents questions of credibility, this is

insufficient to defeat Stein's motion *(see, Cusano v General Elec. Co.,* 111 AD2d 557, 558, *affd* 66 NY2d 844). Accordingly, Supreme Court's grant of summary judgment in Stein's favor should be affirmed.

We reach the same conclusion with respect to plaintiff's appeal from Supreme Court's denial of the motion to renew. Plaintiff's motion was based upon the assertion that a stolen vehicle report belatedly filed by Timothy casts some doubt on Stein's credibility. Plaintiff apparently did not obtain a copy of that report until after Supreme Court granted Stein's motion. However, the record indicates that plaintiff had knowledge of the existence of the report well in advance of the return date of Stein's motion, and the affidavit of plaintiff's counsel does not provide a justifiable excuse for the failure to obtain a copy of the report earlier *(see, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819; *Foley v Roche,* 68 AD2d 558, 568).

Orders affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.