■ Carol Guerra, Respondent, v Kings Plaza Leasing Corp. et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, the defendants Kings Plaza Leasing Corp., Mr. Kings Rental Co., Inc., Francesca Portera and Michael Portera appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered April 7, 1989, as denied their cross motion for summary judgment dismissing the complaint as against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' cross motion for summary judgment is granted, the complaint is dismissed insofar

as it is asserted against them, and the action against the remaining defendants is severed.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (see, Leotta v Plessinger, 8 NY2d 449; Bruno v Privilegi, 148 AD2d 652; Albouyeh v County of Suffolk, 96 AD2d 543, affd 62 NY2d 681). We conclude that, in this case, the presumption was rebutted as a matter of law.

The appellants' proof, consisting of affidavits and documentary evidence, established that the appellant Francesca Portera leased a car from the appellants Kings Plaza Leasing Corp., d/b/a Holiday Payless Rent-A-Car and Mr. Kings Rental Co., Inc. (hereinafter the rental agency) pursuant to a rental agreement which listed her as the only authorized driver. Before going out of town one Friday, Mrs. Portera parked and locked the car and left it on a public street near her home. She did not give permission to anyone to use the car and while she was away, she kept in her possession the only set of keys supplied to her by the rental agency. Portera returned two days later, discovered that the car had been stolen and immediately notified the police. Police Department and Department of Motor Vehicles records indicated that on the day before Mrs. Portera's return, her car was involved in a collision with another vehicle in which the plaintiff was riding as a passenger. The operator of Portera's car, identified only as "John Doe", abandoned the car at the scene and was not apprehended.

The appellants having sufficiently rebutted the presumption of consent, it became incumbent upon the plaintiff, as the party opposing the motion, to come forward with evidence, in admissible form, to demonstrate the existence of a question of fact (see, Zuckerman v City of New York, 49 NY2d 557; Di Sabato v Soffes, 9 AD2d 297). Absent some showing of the existence of evidence that the appellants' statutory liability could be established, the complaint must be dismissed (see, Albouyeh v County of Suffolk, supra). The only additional evidence submitted in opposition to the motion was an affirmation of the plaintiff's attorney. Because the attorney is not a person with knowledge of the underlying facts, his affirmation was insufficient to defeat the cross motion for summary judgment (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d

338). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.