■ In the Matter of WORLDWIDE INSURANCE GROUP, Respondent, v KENNETH BARTON et al., Respondents, and GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Appellants.—In a proceeding to permanently stay arbitration pursuant to the uninsured motorist endorsement of an automobile insurance policy, Government Employees Insurance Company and Shawn Byrne appeal from a judgment of the Supreme Court, Kings County (DeMatteo, J.H.O.), dated July 30, 1990, which granted the petition.

Ordered that the judgment is affirmed, with one bill of costs.

A vehicle owned by Shawn Byrne and driven by Byrne's stepson, Kerwin Legendre, was involved in an accident with a vehicle driven by Kenneth Barton. Government Employees Insurance Company (hereinafter GEICO), Byrne's insurer, disclaimed coverage on the ground that the vehicle was being driven without Byrne's permission. Barton sought arbitration against his own carrier, Worldwide Insurance Group (hereinafter Worldwide), pursuant to the uninsured motorist endorsement of his policy. Worldwide then commenced this proceeding to permanently stay arbitration. After a hearing to deter-

mine whether or not Byrne had rebutted the statutory presumption of the permissive use of his vehicle, the Judicial Hearing Officer found that Legendre was operating the vehicle with permission, and that GEICO's disclaimer was invalid. He therefore granted the petition. We affirm. The record supports the finding that the strong presumption of permissive use had not been overcome by substantial evidence *(see, Albouyeh v County of Suffolk,* 96 AD2d 543, 544, *affd* 62 NY2d 681; *La Voie v State of New York,* 91 AD2d 749, 750). Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.