■ Luis Tabares, Appellant, v Colin Service Systems, Inc., Respondent, et al., Defendant. [602 NYS2d 634] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 18, 1991, which granted the motion of the defendant Colin Service Systems, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff, an employee of the defendant Colin Service Systems, Inc., was injured in a motor vehicle accident while a passenger in a van owned by it. At the time of the accident, the van was being driven by the plaintiff's brother. The plaintiff has conceded that, at the time of the accident, he was not acting within the scope of his employment with the respondent and that the van was being used for his personal use, in that he and his brother were driving to their mother's house.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his express or implied permission. In addition, it is well recognized that this section gives rise to a very strong presumption that the vehicle is being operated with the owner's consent, and this presumption continues unless and until there is substantial evidence to the contrary *(see, Leotta v Plessinger,* 8 NY2d 449, 461; *Aetna Cas. & Sur. Co. v Santos,* 175 AD2d 91; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583; *Gee v Gee,* 113 AD2d 736).

In support of their motion for summary judgment, the respondent submitted evidence that its vans were only to be used for business purposes, returned to the company's lot at the end of the day's work, and that the plaintiff's brother was not authorized to drive the van in question. However, this evidence was almost entirely contradicted by the plaintiff's affidavit. The plaintiff stated that his supervisor told him that he could take the van home, and never restricted his use of the van. He stated that his supervisor was aware that he frequently took the van home, and this never presented a problem. The plaintiff also stated that he was not aware of any policy concerning the use of company vans. Finally, the plaintiff stated that no one ever informed him that no one else could drive the van.

Accordingly, we find that an issue of fact remains as to whether the use of the respondent's van at the time of the accident was with the respondent's implied consent (cf., *Morris v Palmier Oil Co.*, 94 AD2d 911). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.