■ STANLEY A. LIPETZ et al., Respondents, v JEAN A. PALMER, Respondent, and EVERTON PINNOCK, Appellant. [628 NYS2d 180] —In an action to recover damages for personal injuries, etc., the defendant Everton Pinnock appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 22, 1994, as

denied his motion for summary judgment and found that the defendant Jean A. Palmer had implied permission to use his motor vehicle at the time of the accident in question.

Ordered that the order is modified, on the law, by deleting the provision thereof which found that the defendant Jean A. Palmer had implied permission to use the defendant Everton Pinnock's motor vehicle at the time of the accident in question; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant.

Upon the plaintiffs' motion to disqualify separate counsel for the defendants, the Supreme Court concluded that a hearing was necessary to determine whether the defendant Jean A. Palmer had express or implied permission to use the appellant's motor vehicle at the time of the accident in question. At the close of the hearing, the court reserved its decision. Upon the appellant's subsequent motion for summary judgment, the court determined that Palmer had implied permission to use the appellant's motor vehicle and denied the appellant's motion for summary judgment.

Although a court may order a trial to resolve an issue raised on a motion, the court must give the parties an opportunity to demand a jury trial of any issue that is triable as of right by a jury (see, CPLR 2218). The issue of whether someone had permission to use a motor vehicle is generally an issue of fact for a jury to resolve (see, Leotta v Plessinger, 8 NY2d 449, 461; Guerrieri v Gray, 203 AD2d 324). The Supreme Court, therefore, erred by determining this factual issue over the appellant's objection. Moreover, we note that the hearing was ordered as the result of the plaintiffs' motion and not at the appellant's request.

Nevertheless, we conclude that the evidence submitted by the appellant does not, as a matter of law, overcome the presumption that Palmer had permission to use the appellant's motor vehicle (see, Vehicle and Traffic Law § 388; Schrader v Carney, 180 AD2d 200, 209-210). The appellant, therefore, is not entitled to summary judgment since there is an issue of fact to be resolved by a jury. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.