Luis Molina, Respondent, v NYRAC, Inc., Appellant, et al., Defendant. [645 NYS2d 819]

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. The section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (*see, Leotta v Plessinger*, 8 NY2d 449;

*Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583). We conclude that in this case, the presumption was rebutted as a matter of law.

The appellant's proof, consisting of affidavits and documentary evidence, established that the motor vehicle in question was rented under false pretenses by a woman purporting to be Jacqueline Scott and that she failed to return the motor vehicle when the term of the rental agreement had expired on May 13, 1993. The appellant submitted a letter dated June 7, 1993, which it sent Ms. Scott by certified mail, return receipt requested, indicating that it did not consent to her continued withholding or retention of the vehicle and demanding its immediate return. The receipt for the letter was never signed by Ms. Scott and an investigation revealed that the mailing address which she provided upon her rental of the car did not exist.

The appellant having sufficiently rebutted the presumption of consent, it became incumbent upon the plaintiff, as the party opposing the motion, to come forward with evidence, in admissible form, to demonstrate the existence of a question of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Absent some showing of the existence of evidence that the appellant's statutory liability could be established, the complaint must be dismissed (*see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). The only evidence submitted in opposition to the motion, an affirmation of the plaintiff's attorney and a police accident report, was insufficient to defeat the motion for summary judgment (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Guerra v Kings Plaza Leasing Corp., supra*). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.