■ GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Appellants, v PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY et al., Defendants, and CITY OF NEW YORK et al., Respondents. [661 NYS2d 525] —In an action, *inter alia,* for a judgment declaring that the vehicle owned by Laura Krotenberg was operated without her permission or consent when involved in the subject accident, that it therefore was an uninsured vehicle, and that neither Laura Krotenberg nor Government Employees Insurance Company has any duty or obligation to persons injured or damaged by reason of the subject accident, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 20, 1996, as denied those branches of their motion which were for summary judgment on the complaint, for a default judgment, for discontinuance of the action against the defendant Metropolitan Life Insurance Company, and to dismiss the first and second affirmative defenses of the defendant Prudential Property and Casualty Insurance Company.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiffs' motion which were for summary judgment and to dismiss the first affirmative defense asserted by the defendant Prudential Property and Casualty Insurance Company are granted, the remaining branches of the plaintiff's motion are denied as academic, and the matter is remitted to the Supreme Court, Nas-

sau County, for the entry of a judgment declaring that Laura Krotenberg's vehicle was operated without her permission or consent when involved in the subject accident, that it therefore was an uninsured vehicle, and that neither Laura Krotenberg nor Government Employees Insurance Company has any duty or obligation to persons injured or damaged by reason of the subject accident.

The plaintiffs overcame the presumption of permissive use in Vehicle and Traffic Law § 388 by admissible evidence that the vehicle owned by the plaintiff Laura Krotenberg was operated without her permission at the time of the accident at issue *(see, Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). Since no defendant came forward with admissible evidence to create an issue of fact on this question *(see, Zuckerman v City of New York,* 49 NY2d 557), the plaintiffs were entitled to the declaration they seek. In addition, the plaintiffs demonstrated that jurisdiction was properly obtained over the defendant Prudential Property and Casualty Insurance Company (hereinafter Prudential) pursuant to Insurance Law § 1212. Thus, Prudential's first affirmative defense should have been stricken. Finally, in light of our determination that the plaintiffs were entitled to summary judgment, the remaining branches of the plaintiffs' motion which were denied by the order appealed from become academic. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ.; concur.