Donald L. BUCKINGHAM, Plaintiff,

v.

RAPID RENTAL, INC., d/b/a Budget Rent A Car, et al., Defendant.

No. 97 Civ. 1411(LAK).

United States District Court, S.D. New York.

May 12, 1998.

Bonita E. Zelman, New York City, for plaintiff.

Charles W. Kreines, Newman Fitch Altheim Myers, P.C., New York City, for Defendants.

KAPLAN, District Judge.

This action arises out of a motor vehicle accident in Central Islip, New York, between an automobile driven by plaintiff and another automobile owned by defendant Rapid Rental, Inc. ("Budget") and driven by a Budget employee, defendant Jose L. Mejia–Ascencio, who was a service agent at Budget's Dulles Airport location. Budget moves for summary judgment dismissing the complaint on the ground that Mejia–Ascencio was a service agent who was not authorized to drive its vehicles except on the rental lot and that he therefore was operating the automobile without authority at the time of the accident.

I.

The facts, as distinguished from the permissible inferences, are entirely undisputed. Mejia–Ascencio was employed as a service agent whose duties were to prepare vehicles for rental.[1] Budget's policy was that its employees were not permitted to use its vehicles off the rental lot premises without signing a rental agreement and paying a rental fee.[2] The rental agreements for employee rentals were filed together with customer rental agreements.[3]

The Budget vehicle in question was rented at Dulles Airport to a regular customer at 12:18 p.m. on December 22, 1994 and returned at 10:42 p.m. on the same date to the same location.[4] The accident involving the car and Mejia–Ascencio occurred in New York on December 24, 1994. A search of rental agreements for the period from December 21, 1994 through December 24, 1994 did not locate a rental agreement for that vehicle signed by Mejia–Ascencio.[5]

II.

Under New York law, the owner of a motor vehicle is liable for the negligence of one who operates a vehicle with the owner's express or implied consent.[6] "There is a presumption that the vehicle is being operated with the owner's permission and this presumption continues unless it is rebutted by 'substantial evidence' to the contrary."[7] Moreover, the "question of consent and authority ordinarily presents an issue of fact."[8]

While the presumption of consensual use is not easily rebutted,[9] it does not foreclose the possibility of summary judgment in the defendant's favor. On the contrary, sum-

---

1. Johnson Dep. 116–17.

2. *Id.* at 44–46.

3. *Id.* at 59.

4. Kreines Aff. ¶ 16 & Ex. B.

5. Johnson Dep. 43–44, 160.

6. *Horvath v. Lindenhurst Auto Salvage, Inc.,* 104 F.3d 540, 542 (2d Cir.1997); N.Y.Veh. & Traf.L. § 388(1).

7. *Horvath,* 104 F.3d at 542.

8. *Id.* (citing *Lipetz v. Palmer,* 216 A.D.2d 367, 368, 628 N.Y.S.2d 180, 181 (2d Dept.1995)).

9. *Horvath,* 104 F.3d at 542.

mary judgment is warranted, despite the presumption of consensual use, where the defendant produces substantial evidence rebutting the presumption, that evidence is unrefuted, and the plaintiff then fails to come forward with actual evidence of permissive use.[10]

The first question before the Court is whether Budget has come forward with substantial evidence to rebut the presumption of consensual use. *Porter v. Reynolds*[11] is directly on point. In *Porter*, defendant Sea–Land Services, Inc. ("Sea–Land") signed a contract with Cargo Logistics Company, Inc. ("Cargo") pursuant to which Cargo would pick up a chassis owned by Sea–Land from a location in Memphis, Tennessee, and deliver it to another location in Memphis by a certain date.[12] After the chassis was picked up by Cargo, but prior to delivery, the chassis was involved in a hit-and-run accident in New York.[13] The plaintiff then sued Sea–

Land, asserting that it was liable in its capacity as the owner of the chassis.

After noting the defendant's burden to come forward with substantial evidence in order to rebut the presumption of consensual use, the district court observed that "[r]estrictions or limitations placed on the use of a vehicle may provide such substantial evidence, since any use outside the scope of the owner's permission absolves the owner from liability under Section 388(1)."[14] The evidence showed that Cargo had a company policy that limited Cargo's drivers to driving the chassis to and from the drop-off and pickup locations and, in any event, that no driver would ever be given authority to drive to New York.[15] The district court held that this evidence rebutted the presumption as a matter of law.[16] It went on to state that "[s]ince Sea–Land has overcome the presumption of consent, *Porter*, to defeat summary judg-

---

10. *See, e.g., Porter v. Reynolds*, No. 92 Civ. 5095(SS), 1994 WL 24769, at *3 (S.D.N.Y. Jan.24, 1994) (defendant entitled to summary judgment after demonstrating that employee had no authority to take vehicle to New York and no evidence to the contrary was offered by plaintiff) (citing *Guerra v. Kings Plaza Leasing Corp.*, 172 A.D.2d 583, 584, 568 N.Y.S.2d 413, 414 (2d Dept.1991) (presumption rebutted as a matter of law by undisputed evidence that car had been stolen prior to accident, warranting summary judgment); *Albouyeh v. County of Suffolk*, 62 N.Y.2d 681, 683, 476 N.Y.S.2d 522, 523, 465 N.E.2d 29 (1984) (same); *Polsinelli v. Town of Rotterdam*, 167 A.D.2d 579, 580, 562 N.Y.S.2d 844, 845 (3rd Dept.1990) (undisputed testimony of both owner and driver that driver did not have permission to use vehicle combined with plaintiff's failure to present conflicting evidence entitled defendant to summary judgment); *Capalario v. Murray*, 52 A.D.2d 1037, 1038, 384 N.Y.S.2d 579, 580 (4th Dept.1976) (summary judgment warranted where presumption rebutted by proof that vehicle was operated Without owner's permission and plaintiff fails to offer actual evidence of consent); *see also Molina v. NYRAC, Inc.*, 228 A.D.2d 655, 645 N.Y.S.2d 819 (2d Dept.1996) ("The appellant having sufficiently rebutted the presumption of consent, it became incumbent upon the plaintiff, as the party opposing the motion, to come forward with evidence, in admissible form, to demonstrate the existence of a question of fact.") (citing *Zuckerman v. City of New York*, 49 N.Y.2d 557, 427 N.Y.S.2d 595, 404 N.E.2d 718 (1980)); *cf. Leotta v. Plessinger*, 8 N.Y.2d 449, 461, 209 N.Y.S.2d 304, 312, 171 N.E.2d 454 (1960) ("unless evidenced adduced has no merit whatsoever, the question of consent and authority is for the jury"); *Tabares v. Colin Serv. Sys., Inc.*, 197 A.D.2d 571, 572, 602

N.Y.S.2d 634, 635 (2d Dept.1993) (summary judgment denied where employee's affidavit denied that company policy restricted the use of company vehicles); *Wynn v. Middleton*, 184 A.D.2d 1019, 1020, 584 N.Y.S.2d 684, 685 (4th Dept.1992) (rebutting presumption creates fact issue for jury); *Morris v. Palmier Oil Co., Inc.*, 94 A.D.2d 911, 463 N.Y.S.2d 631, 632 (3d Dept. 1983) (evidence of company's restrictive use policy rebutted presumption and created fact issue for jury).

11. 1994 WL 24769.

12. *Id.* at *1.

13. *Id.*

14. *Id.* at *2 (citing *Rooney v. Myers*, 132 A.D.2d 839, 840, 517 N.Y.S.2d 627, 628 (3d Dept.), *appeal denied*, 70 N.Y.2d 612, 523 N.Y.S.2d 496, 518 N.E.2d 7 (1987) (summary judgment warranted where agreement provided that no third parties would drive vehicle and no actual evidence of permission was offered); *Walls v. Zuvic*, 113 A.D.2d 936, 937, 493 N.Y.S.2d 628, 629 (2d Dept.1985), *appeal denied*, 67 N.Y.2d 602, 499 N.Y.S.2d 1028, 490 N.E.2d 557 (1986); *Palmier Oil Co.*, 463 N.Y.S.2d at 632).

15. *Id.* at *3. The court concluded also that Sea–Land was entitled to invoke the use restrictions imposed by Cargo upon its drivers. *Id.*

16. *Id.* (citing *Polsinelli*, 562 N.Y.S.2d at 845; *Rooney*, 517 N.Y.S.2d at 628; *Capalario*, 384 N.Y.S.2d at 580).

ment, must present facts which either contradict or cast doubt on Sea–Land's evidence regarding consent."[17] Noting that the plaintiff had failed to come forward with any evidence either that permission actually had been given or that Cargo's policy did not restrict use as Sea–Land asserted, the court granted summary judgment to Sea–Land.[18]

■ Just as Cargo limited its employees to driving the chassis between specific points in the Memphis area, so too did Budget limit the use of its vehicles by its service agents. According to Rodney Johnson, who testified that he was familiar with Budget's policy regarding the use of Budget's vehicles during the relevant time period, service agents such as Mejia–Ascencio were not permitted to use Budget vehicles without specific authorization from the company.[19] Authorization, Johnson explained, "would entail an actual employee rental procedure."[20] This procedure included payment of a discounted rental fee and the preparation of a rental agreement.[21] After searching through a file containing the original rental agreements for the period ranging from December 21, 1994 through December 24, 1994, however, Johnson determined that there was no rental agreement between Budget and Mejia–Ascencio concerning the vehicle in question.[22] Thus, Budget argues, Mejia–Ascencio could not have had Budget's consent.

Plaintiff responds by asserting that the file searched by Johnson was incomplete and thus is not probative of whether Mejia–As-

cencio in fact had Budget's authorization to drive the vehicle.[23] In support, plaintiff argues that Johnson's search should have, but did not, locate the rental agreement of the customer who is known to have rented the vehicle on December 22, 1994.[24] This failure, plaintiff concludes, proves that the rental agreement file does not contain all rental agreements from the pertinent location and time period, and thus the absence of an agreement with Mejia–Ascencio from this file is not determinative.[25] This, however, mischaracterizes Johnson's testimony.

Johnson testified that he searched through the file not by the vehicle's identification number, but by Mejia–Ascencio's name.[26] There were hundreds of rental agreements in the file for each of the four dates examined.[27] It therefore is hardly surprising that Johnson was unable at his deposition to say whether the file contained the rental agreement for the rental known to have taken place on December 22, 1994. His testimony that Mejia–Ascencio could not have had permission to use the car because there was no rental agreement on file for him thus is unrefuted. There being no evidence tending to discredit Budget's showing that Mejia–Ascencio was in violation of a company policy restricting the use of Budget's vehicles by its employees, the Court concludes that the defendant has come forward with substantial and undisputed evidence rebutting the statutory presumption of consensual use.[28]

---

**17.** *Id.* (citing *Guerra*, 568 N.Y.S.2d at 414; *Albouyeh*, 476 N.Y.S.2d at 523; *Polsinelli*, 562 N.Y.S.2d at 845; *Capalario*, 384 N.Y.S.2d at 580; *Leotta*, 209 N.Y.S.2d at 312, 171 N.E.2d 454).

**18.** *Id.* at *4.

**19.** Johnson Dep. 44–45.

**20.** *Id.* at 46.

**21.** *Id.*

**22.** *Id.* at 43–44, 158–160.

**23.** Pl.Br. 2.

**24.** *Id.* at 5 (citing Johnson Dep. 158–59).

**25.** *Id.* at 5–6.

**26.** Johnson Dep. at 160. Plaintiff was perhaps misled by Johnson's affirmative response to the question of whether he had searched the files for an employee rental agreement relating to the specific vehicle. *Id.* at 58. Nevertheless, any confusion as to the search technique employed should have been alleviated by Johnson' subsequent, and explicit, assertion that he "did not do the search by vehicle number. [He] did the search by the name of the person." *Id.* at 160.

**27.** *Id.* at 165.

**28.** Plaintiff asserts, without explanation or citation, that even assuming no rental agreement exists, Budget's restricted-use policy is insufficient to constitute substantial evidence. Pl.Br. at 6. The Court disagrees. In *Porter,* for example, non-compliance with a company's restricted-use policy, the existence of which was substantiated only by the testimony of a corporate officer, was

Under New York law, once the defendant comes forward with substantial evidence rebutting the presumption, the presumption drops out of the case.[29] While a genuine issue of fact as to the existence of substantial evidence rebutting the presumption would defeat summary judgment, there is no such issue here. The undisputed evidence demonstrates that the presumption falls. As plaintiff bears the burden of proof on the issue of consent[30] and has come forward with no evidence that Mejia–Ascencio had Budget's consent to operate its vehicle in New York on December 24, 1994, Budget is entitled to summary judgment.[31]

### III.

Accordingly, the motion of defendant Rapid Rental, Inc. for summary judgment dismissing the complaint is granted.

SO ORDERED.

found to be sufficient to rebut the presumption of authorized use. *1994 WL 24769. See also Polsinelli,* 562 N.Y.S.2d at 845.

**29.** *See, e.g., Pariso v. Towse,* 45 F.2d 962, 964 (2d Cir.1930) (L.Hand, J.); *Fleming v. Ponziani,* 24 N.Y.2d 105, 111, 299 N.Y.S.2d 134, 140, 247 N.E.2d 114 (1969); *St. Andrassy v. Mooney,* 262 N.Y. 368, 371, 186 N.E. 867 (1933); *Potts v. Pardee,* 220 N.Y. 431, 433, 116 N.E. 78 (1917). Indeed, as Judge Learned Hand wrote in *Pariso,* if Budget has produced uncontroverted evidence which is "substantial" within the intendment of the New York rule, plaintiff, "the party charged with the burden of proo[f,] must fail, if he goes no further, or cannot use his adversary's evidence as support of the affirmative." 45 F.2d at 964.

**30.** *See, e.g., Porter,* 1994 WL 24769, at *3; *Albouyeh,* 476 N.Y.S.2d at 523, 465 N.E.2d 29; *Zuckerman,* 427 N.Y.S.2d at 596, 404 N.E.2d 718; *Leotta,* 209 N.Y.S.2d at 312, 171 N.E.2d 454; *Molina,* 645 N.Y.S.2d at 820; *Tabares,* 602 N.Y.S.2d at 635; *Wynn,* 584 N.Y.S.2d at 685; *Guerra,* 568 N.Y.S.2d at 414; *Polsinelli,* 562

N.Y.S.2d at 845; *Morris,* 463 N.Y.S.2d at 632, *Capalario,* 384 N.Y.S.2d at 580.

**31.** *Horvath* is entirely consistent with this result. 104 F.3d 540. While *Horvath* states that summary judgment ordinarily will be inappropriate, it certainly did not entirely foreclose the possibility of summary judgment. *Id.* at 542. *Lipetz v. Palmer,* 216 A.D.2d 367, 368, 628 N.Y.S.2d 180, 181 (2d Dept.1995), upon which *Horvath* relied, also acknowledged the possibility of summary judgment in an appropriate case. 628 N.Y.S.2d at 181. Significantly, *Lipetz* relied in part upon *Guerrieri v. Gray,* 203 A.D.2d 324, 610 N.Y.S.2d 301 (2d Dept.1994), which stated that "[o]nce the presumption is rebutted, it is incumbent upon the parties opposing the motion to come forward with evidence, in admissible (form, to demonstrate the existence of a question of fact." *Id.* at 302 (citing *Zuckerman,* 49 N.Y.2d 557, 427 N.Y.S.2d 595, 404 N.E.2d 718; *Guerra,* 172 A.D.2d 583, 568 N.Y.S.2d 413)).