■ HANOVER INSURANCE COMPANY, Respondent, v WALTER A. CONNOR, JR., et al., Defendants, and DAVID E. THACKER, SR., et al., Appellants. [648 NYS2d 839] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered August 15, 1995 in Ulster County, which, *inter alia*, granted plaintiff's motion for summary judgment and made a declaration in its favor, and (2) from the judgment entered thereon.

This declaratory judgment action arises out of a motor vehicle accident which occurred on June 19, 1991, when a tractor and trailer operated in tandem collided with an automobile driven by defendant David E. Thacker, Sr. in the City of Beacon, Dutchess County. Thacker, who allegedly sustained injuries, together with his wife, defendant Ellen Thacker (hereinafter collectively referred to as defendants), commenced an action to recover damages for personal injuries and loss of services. Plaintiff commenced this action seeking a declaration that it is not obliged to defend and indemnify defendant Norma L. Johnstone, its insured and the owner of the tractor, defendant Wayne Nobles, the owner of Nobles' Trucking, a freight hauling company, and defendant Walter A. Connor, Jr., the truck driver employed by Nobles' Trucking.

At the time of the accident, the tractor, which was titled and registered in Massachusetts, was leased by Johnstone to defendant M&R Transportation. The lease provided that Johnstone would be responsible for repairing and maintaining the tractor and for providing drivers to operate the tractor for M&R. M&R was required to provide primary public liability and property damage insurance to meet prescribed minimums for Massachusetts and the Interstate Commerce Commission. The record indicates that in the event M&R did not have a load for Nobles' Trucking to haul, Nobles was free to use the tractor for hauling freight for third parties or for himself. Though originally dispatched to carry cargo for M&R, at the time of the accident the tractor, operated by Connor, was attached to a trailer carrying a load of chairs for use in a restaurant Nobles would soon open.

The automobile insurance policy issued by plaintiff to Johnstone provided limited compulsory bodily injury liability coverage for the tractor of $10,000/$20,000, so-called "bobtail" and/or "deadhead" coverage.[1] The policy contained a Massachusetts endorsement entitled "*Truckmen* (Insurance for Non-Trucking Use)" (hereinafter the endorsement) which excluded coverage for, *inter alia*, claims arising when the tractor or any trailer attached to it was "used to carry property in any business".[2] The policy also provided, however, that the endorsement was "not applicable to any compulsory cover-

---

1. In the trucking industry "bobtailing" is the practice of operating a tractor without a trailer attached to it. "Deadheading" is the practice of pulling an empty trailer.

2. The endorsement provides, in part, that:

"It is agreed that such Insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability, and for Automobile Medical

ages". In addition, the policy provided excess liability coverage for nontrucking operations with limits of $250,000 for each person and $500,000 for each accident. Plaintiff disclaimed coverage and commenced this action seeking a declaration that the tractor was being used to carry property "in any business" and that the exclusionary language of the endorsement precluded coverage.

Following discovery, plaintiff moved for summary judgment. Defendants opposed and cross-moved for summary judgment declaring that plaintiff was obligated to defend and indemnify Johnstone, Nobles and Connor in defendants' underlying action. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants appeal.

Initially, defendants contend that the endorsement permits the uninsured operation of a tractor on the roadways of this State in direct conflict with Vehicle and Traffic Law § 388, which makes vehicle owners vicariously liable for the negligence of anyone using or operating their vehicles with permission and requires owners to procure insurance to cover that liability (see, Vehicle and Traffic Law § 388 [1], [4]; *Fried v Seippel*, 80 NY2d 32, 39-41). Defendants argue that the endorsement violates this State's public policy of protecting "innocent victims of automobile accidents by assuring that there will be a financially responsible party who is available to answer in damages" (*Fried v Seippel, supra*, at 41; see, *Continental Auto Lease Corp. v Campbell*, 19 NY2d 350, 352).

Plaintiff contends that the bobtail and deadhead coverage in the insurance policy did not cover the use of the tractor at the time of the accident. Nevertheless, plaintiff points to the fact that the endorsement, by its terms, does not apply to "any compulsory coverages". Plaintiff argues that the $10,000 bodily injury coverage is available to pay defendants' claims[3] and, therefore, the policy complies with Vehicle and Traffic Law § 388. We agree. Since the policy issued by plaintiff affords the

---

Payments with respect to any automobile described below or designated in the policy as subject to this endorsement, does not apply:

"(a) to any person or organization, or any agent or employee thereof, other than the named insured, engaged in the business of transporting property by automobile for others;

"(b) while the automobile or any trailer attached thereto is used to carry property in any business;

"(c) while the automobile is being used in the business of any person or organization to whom the automobile is rented."

3. Although defendants did not present this argument before Supreme Court, we exercise our discretion to consider the issue for the first time on appeal (see, *O'Connor v O'Grady*, 143 AD2d 738).

minimum coverage prescribed by our financial responsibility laws (*see,* Vehicle and Traffic Law § 388 [4]; Insurance Law § 3420 [f] [1]; *cf., Randazzo v Cunningham,* 56 AD2d 702, *affd on mem below* 43 NY2d 937) and the endorsement applies only to the excess insurance provided for in the policy, leaving the compulsory insurance intact, it does not violate this State's public policy (*see generally, R.E. Turner, Inc. v Connecticut Indem. Co.,* 925 F Supp 139; *Transport Ins. Co. v Protective Ins. Co.,* 647 F Supp 1381).

Defendants also argue that the language of the endorsement "used to carry property *in any business*" (emphasis supplied) is ambiguous and therefore does not exclude coverage where, as here, the tractor is alleged to have been used for a personal purpose, i.e., transporting chairs for Nobles. "If the words of the policy are clear and unambiguous, the court must give the words their plain and ordinary meaning" (*Wenkosky v Protective Ins. Co.,* 698 F Supp 1227, 1230). Here, we find no such ambiguity. The exclusion of coverage when the tractor is used to carry property "in any business" is clear. Coverage is afforded only in those limited instances when the tractor is being used in the personal activities of the owner-operator (*cf., R.E. Turner, Inc. v Connecticut Indem. Co., supra,* at 144; *Connecticut Indem. Co. v Varela,* 1995 WL 16800 [US Dist Ct, SD NY, Jan. 18, 1995, Keenan, J.]). Thus, contrary to defendants' argument, it is not so much the nature of the cargo, but rather the nature of the trucking activity, which dictates whether the endorsement excludes coverage. In this case, Connor, the employee of Nobles' Trucking, was driving the tractor in the business of his employer, albeit not at a profit, to carry property for Nobles' restaurant business (*see, Wenkosky v Protective Ins. Co., supra; Brun v George W. Brown, Inc.,* 56 Misc 2d 577). Under these circumstances, coverage beyond the compulsory $10,000 bodily injury limit is precluded.

Accordingly, we modify the judgment insofar as it relieves plaintiff of all responsibility to cover the claims of defendants and to indemnify or defend Johnstone, Nobles and Connor. It is further declared that plaintiff is responsible to provide coverage to the extent of the compulsory $10,000 bodily injury limit. We find no merit to defendants' remaining contentions.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as declared that the policy of insurance issued by plaintiff does not cover the claims of defendants David E. Thacker, Sr. and Ellen Thacker and that plaintiff is under no obligation to defend and/or indemnify de-

fendant Norma L. Johnstone, defendant Wayne Nobles and defendant Walter A. Connor, Jr., and enjoining David E. Thacker, Sr. and Ellen Thacker from bringing a claim against plaintiff; it is declared that the policy of insurance issued by plaintiff does cover the claims of David E. Thacker, Sr. and Ellen Thacker to the extent of the compulsory $10,000 bodily injury limit, and plaintiff is obligated to defend and/or indemnify Johnstone, Nobles and Connor to the extent of the compulsory $10,000 bodily injury limit; and, as so modified, affirmed.

