■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v ITAMAR YEGER, Respondent. GEORGE SHERMADINI et al., Proposed Additional Respondents. [817 NYS2d 119]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated October 7, 2005, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The respondent, Itamar Yeger, was involved in a motor vehicle accident in which Yeger's vehicle struck a parked car after another vehicle veered into his lane of traffic. The alleged tortfeasor's vehicle was later found to be owned by the proposed additional respondent George Shermadini. At the time of the accident, Shermadini was insured by the proposed additional respondent Eagle Insurance Company (hereinafter Eagle). Yeger commenced an action against Shermadini in the Supreme Court, Queens County, in which a default judgment was entered in his favor. Eagle disclaimed coverage on the ground that it did not receive timely notice of the claim from either Yeger or Shermadini. In a separate declaratory judgment action (hereinafter the declaratory judgment action) in the same court, Eagle's disclaimer was determined to be valid. During the pendency of the declaratory judgment action, Yeger made a demand for arbitration under the uninsured motorist coverage provision of his insurance policy with the petitioner, Progressive Northeastern Insurance Company, his insurer.

The petitioner commenced the instant proceeding, inter alia, to permanently stay arbitration of the claim for uninsured motorist benefits on the ground that, among other things, there was coverage available under Shermadini's policy of insurance with Eagle. The Supreme Court, Rockland County, denied the petition, finding that the issue of whether the Shermadini vehicle was insured and, thus, triggered coverage under the uninsured motorist provision of Yeger's policy with the petitioner (hereinafter the policy), had been determined in the declaratory judgment action in the negative.

Contrary to the petitioner's contention, Insurance Law § 3420 (a) (3) does not impose a duty on the injured party to provide notice to an alleged tortfeasor's insurer. Moreover, there is no exclusion from the requirement to provide compulsory uninsured motorists coverage pursuant to Insurance Law § 3420 (f) (1) triggered by an injured party's failure to provide timely no-

tice to a tortfeasor's insurer (*see e.g. Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d 57 [1993]). Thus, the failure of Yeger, as the injured party, to timely notify Eagle, Shermadini's insurer, of the claim did not vitiate coverage under the uninsured motorist provision of the petitioner's policy. Since Eagle's disclaimer was found to be valid, the Supreme Court properly denied the petition, inter alia, to permanently stay arbitration of the uninsured motorist claim (*see Matter of State Farm Ins. Co. v Archer*, 256 AD2d 348 [1998]).

The petitioner's remaining contentions were improperly raised for the first time on appeal (*see Ricca v Valenti*, 24 AD3d 647 [2005]). Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.