■ CONNECTICUT INDEMNITY COMPANY, Respondent, v LIVON HINES et al., Defendants, and DAVID P. McCARTHY, INC., et al., Appellants. [837 NYS2d 183]—

In an action for a judgment declaring the rights and obligations of the parties with respect to an underlying personal injury action entitled *Michele Scriber v Livon and Stanley Trucking, Inc.*, commenced in the Supreme Court, Bronx County, under Index Number 18325/01, the defendants David P. McCarthy, Inc., and New Jersey Manufacturers Insurance Company appeal (1) from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 16, 2005, as denied that branch of their motion which was for summary judgment declaring, in effect, that the plaintiff's obligation to indemnify the defendants in the underlying personal injury action is not limited to the statutory minimum fixed by Vehicle and Traffic Law § 311 (4) (a), § 341, § 345 (b) (3), and Insurance Law § 3420 (f) (1), and granted that branch of the plaintiff's cross motion which was for summary judgment declaring, in effect, that its obligation to indemnify the defendants in the underlying personal injury action is limited to the statutory minimum fixed by Vehicle and Traffic Law § 311 (4) (a); § 341, § 345 (b) (3), and Insurance Law § 3420 (f) (1), and (2) from so much of a judgment of the same court entered April 26, 2006, as declared that its obligation to indemnify the defendants in the underlying personal injury action is limited to the statutory minimum fixed by Vehicle and Traffic Law § 311 (4) (a); § 341, § 345 (b) (3), and Insurance Law § 3420 (f) (1), and that the plaintiff's one-third share of any loss arising from the underlying accident shall not be calculated on more than the statutory minimum.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff insurer, Connecticut Indemnity Company (hereinafter Connecticut), issued a policy of insurance to the defendant Livon Hines, the owner and operator of a tractor-trailer leased to the defendant David P. McCarthy, Inc., for use in its business. The policy contained a nontrucking use endorsement which excluded coverage for the vehicle while used in the business of a lessee. The policy also contained "Endorsement #2" (hereinafter the savings clause), which stated: "We agree with YOU that if any of the provisions of the endorsement, 'Truckers Insurance for Non-Trucking Use' CA2309 are held to be void or unenforceable under the law of any jurisdiction, for reasons of public policy, violation of statute, or otherwise, WE will not pay any sums in excess of the minimum amounts required by the Financial Responsibility Laws of such jurisdiction, and then only after all other valid and collectible insurance available to the Named Insured, or which would be available to the Named Insured in the absence of this policy, has been exhausted."

Hines was involved in an accident while driving the tractor-trailer in furtherance of the lessee's business. The persons injured in the accident commenced an action against, among others, Hines and the lessee. Connecticut disclaimed coverage based upon the nontrucking use endorsement, and the lessee's insurance company undertook to defend the action.

Connecticut then commenced this action seeking, inter alia, a judgment declaring that it had no obligation to defend or indemnify Hines in the underlying action, or, in the alternative, that its indemnification obligation was limited, by the savings clause, to the minimum liability insurance requirements mandated by New York statutory law. The Supreme Court determined, inter alia, that the nontrucking use endorsement was void as against public policy, but that the savings clause was valid and enforceable. It thus limited Connecticut's obligation to the statutory minimum liability insurance requirements, which are $25,000 because of bodily injury to one person and $50,000 because of bodily injury to two or more persons in any one accident (*see* Vehicle and Traffic Law § 311 [4] [a]; §§ 341, 345 [b] [3]; Insurance Law § 3420 [f] [1]). We agree.

The parties concede on appeal that the nontrucking use endorsement is void as against New York's public policy (*see Royal Indem. Co. v Providence Washington Ins. Co.*, 92 NY2d 653 [1998]; *Randazzo v Cunningham*, 56 AD2d 702 [1977], *affd*

*on op below* 43 NY2d 937 [1978]). Accordingly, the only issue on appeal is whether or not the savings clause may be enforced.

In *Royal Indem. Co. v Providence Washington Ins. Co. (supra)*, a "bobtail" policy, i.e., an insurance policy that covered any "miles operated" by the lessor during the terms of a truck lease when the tractor portion of the truck was not in actual service for the lessee, had a nontrucking use endorsement, but no savings clause. Upon a certified question from the United States Court of Appeals for the Second Circuit, the New York State Court of Appeals held that the exclusion was void as against public policy. The second certified question inquired as to whether the endorsement was nonetheless valid to limit liability to the financial security minima required by New York law. The court answered in the negative, stating: "Since the nontrucking-use exclusion is void as against public policy, the policy must be read as if the exclusion did not exist. Where, as here, the policy does not contain a term stating that coverage is limited to the statutory minima, if a non-trucking-use exclusion is found to be invalid, no such limitation will be read into the policy" (*id.* at 659 [citations omitted]).

The Supreme Court correctly held that this language implies that where a policy *does* contain such a provision limiting coverage to the minima, the provision will be upheld where it is not part of a voided exclusion. Such is the case here.

The nontrucking use endorsement is void because its enforcement might result in a gap in coverage required by Vehicle and Traffic Law § 388 (*see Royal Indem. Co. v Providence Washington Ins. Co., supra* at 657-658; *Randazzo v Cunningham, supra*). However, enforcement of the savings clause will not have the same effect. Since the savings clause provides for coverage up to the minimum amounts required by the financial responsibility law (*see* Insurance Law § 3420 [f] [1]), it is in compliance with Vehicle and Traffic Law § 311 (4) (a); §§ 341, 345 (b) (3), and does not violate public policy (*see Hanover Ins. Co. v Connor*, 232 AD2d 925 [1996]). Insofar as the cases cited by the appellant hold otherwise (*see R.E. Turner, Inc. v Connecticut Indem. Co.*, 925 F Supp 139 [1996]; *Planet Ins. Co. v Gunther*, 160 Misc 2d 67 [1993]), we decline to follow them. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.