■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v ROBERT JOHNSON, Respondent. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Proposed Respondent. [997 NYS2d 709]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), entered December 20, 2012, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

The respondent, Robert Johnson, was involved in a motor vehicle accident in which the car he was driving collided with another vehicle that failed to stop at a stop sign. The car he was driving was owned by Johnson's sister, who lived in Ohio and was insured under a personal automobile liability policy issued in that state by the proposed additional respondent, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The policy contained an endorsement for uninsured motorist coverage, which provided for liability limits of $100,000 per person and $300,000 per accident, but excluded from the definition of an insured any person who is insured for uninsured motor vehicle coverage under another vehicle policy.

When Johnson eventually made a claim for uninsured motorist benefits under the State Farm policy, State Farm disclaimed coverage on the ground that, inasmuch as records showed that Johnson had uninsured motor vehicle coverage available through a policy issued to him by the petitioner Government Employees Insurance Company (hereinafter GEICO), he did not meet the definition of an insured for purposes of uninsured motor vehicle coverage under the State Farm policy.

Following Johnson's demand for arbitration under the uninsured motorist endorsement of his policy with GEICO, GEICO commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration on the ground that State Farm was the primary insurer. At the hearing, GEICO's counsel argued that the exclusion in the State Farm uninsured motorist endorsement is not valid in New York and, therefore, the State Farm policy should be deemed to have the full complement of coverage mandated by New York to make the State Farm coverage primary. The Court Attorney Referee disagreed and denied the petition.

"[I]nsurance policies, like all contracts, should be enforced according to their terms unless they are prohibited by public policy, statute or rule" (*Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 168 AD2d 121, 131 [1991]). "If an attempted exclusion

is not permitted by law, the insurer's liability under the policy cannot be limited" (*Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d 57, 60 [1993]). Here, the exclusion contained in the uninsured motorist coverage endorsement of State Farm's personal automobile liability policy is not permitted by law. "Insurance Law § 3420 (f) (1) requires that every automobile insurance policy contain an uninsured motor vehicle endorsement. Neither that statute nor any regulations applicable to it mentions any exclusions" (*Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d at 60; *cf.* 11 NYCRR 60-1.1 [c] [3] [i]; Ohio Rev Code Ann 3937.18). Since the exclusion is "without the approval or protection of the law" (*Rosado v Eveready Ins. Co.*, 34 NY2d 43, 48 [1974]), it should not be given effect (*see Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d at 58; *Matter of Progressive Northeastern Ins. Co. v Yeger*, 30 AD3d 524, 525-526 [2006]).

Further, where, as here, the policy does not contain a term stating that coverage is limited to the statutory minimum, if such exclusion is found to be invalid, no such limitation will be read into the policy (*see Royal Indem. Co. v Providence Washington Ins. Co.* 92 NY2d 653, 659 [1998]; *cf. Connecticut Indem. Co. v Hines*, 40 AD3d 903 [2007]). Consequently, State Farm's policy must be read as affording liability up to its full limits.

Accordingly, the petition to permanently stay arbitration must be granted. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.