■ Keston Braithewaite, Appellant, v Progressive Casualty Insurance Company, Respondent. [7 NYS3d 234]—

In an action to recover uninsured motorist benefits under an insurance policy with limits of coverage in the amount of $300,000, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated August 16, 2013, as granted his motion for summary judgment on the complaint only to the extent of determining that he is entitled to coverage from the defendant for uninsured motorist benefits up to the amount of $25,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint seeking coverage from the defendant for uninsured motorist benefits up to the amount of $300,000 is granted in its entirety.

The plaintiff, a New York resident, was injured in a motor

vehicle accident in New York while a passenger in a car owned by Pennsylvania resident Dawn Wilkes and operated by Jeryn Bright. The accident occurred when Bright allegedly crossed over the double yellow lines on the center of a highway into oncoming traffic in an effort to pass another vehicle. Wilkes's vehicle was insured by the defendant, Progressive Casualty Insurance Company (hereinafter Progressive), under a policy of automobile insurance, written in Pennsylvania, which contained an endorsement for uninsured motorist coverage with a liability limit of $300,000. The plaintiff acknowledged that, because Bright did not have Wilkes's permission to operate the vehicle, the plaintiff was not entitled to coverage under the liability portion of the policy.

Pursuant to the terms of the uninsured motorist coverage provisions of the policy, Progressive was obligated to pay up to the $300,000 policy limit for damages that an "insured person" was legally entitled to recover by reason of bodily injury caused by an accident, and arising out of the ownership, maintenance, or use of an "uninsured motor vehicle." The plaintiff fell under the definition of "insured person," as he had been "occupying, but not operating, a covered auto" at the time of the accident. However, under the Pennsylvania policy issued by Progressive, the term "uninsured motor vehicle" excluded both a vehicle owned by the named insured and a covered auto. Progressive disclaimed coverage on the ground that, under the express terms of the policy, Wilkes's vehicle was not an uninsured motor vehicle.

The plaintiff commenced this action seeking to recover under the uninsured motorist coverage provisions of the policy. The plaintiff subsequently moved for summary judgment on the complaint, arguing that the policy exclusions relied on by Progressive were invalid in connection with an accident occurring in New York by virtue of the Insurance Law, and that, accordingly, he was entitled to coverage up to the full policy limit of $300,000 (*see* Insurance Law § 5107 [a]). Progressive opposed the motion, arguing that if the policy exclusions were deemed invalid under the Insurance Law, the plaintiff was only entitled to uninsured motorist coverage up to the New York statutory minimum of $25,000 (*see* Insurance Law § 3420 [f] [1]). The Supreme Court granted the plaintiff's motion for summary judgment, but only to the extent of determining that he was entitled to coverage by Progressive for uninsured motorist benefits up to $25,000.

"[I]nsurance policies, like all contracts, should be enforced according to their terms unless they are prohibited by public

policy, statute or rule" (*Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 168 AD2d 121, 131 [1991]). "If an attempted exclusion is not permitted by law, the insurer's liability under the policy cannot be limited" (*Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d 57, 60 [1993]). Here, the exclusions contained in the uninsured motorist coverage endorsement of Progressive's Pennsylvania policy are not permitted by New York law. "Insurance Law § 3420 (f) (1) requires that every automobile insurance policy contain an uninsured motor vehicle endorsement. Neither that statute nor any regulations applicable to it mentions any exclusions" (*id.*). Since the exclusions are "without the approval or protection of the law" (*Rosado v Eveready Ins. Co.*, 34 NY2d 43, 48 [1974]), they should not be given effect (*see Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d at 58; *Matter of Progressive Northeastern Ins. Co. v Yeger*, 30 AD3d 524, 525-526 [2006]).

Since we have determined that the underlying exclusions are invalid, and the policy does not contain a term expressly limiting coverage to the statutory minimum, no such limitation will be read into the policy (*see Royal Indem. Co. v Providence Washington Ins. Co.*, 92 NY2d 653, 659 [1998]; *cf. Connecticut Indem. Co. v Hines*, 40 AD3d 903 [2007]). Consequently, Progressive's policy must be read as affording uninsured motorist coverage up to its stated limit of $300,000. Since the plaintiff established his prima facie entitlement to judgment as a matter of law, and the defendant failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint in its entirety.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.