Liberty Mut. Fire Ins. Co. v Navigators Ins. Co. (2018 NY Slip Op 00631)





Liberty Mut. Fire Ins. Co. v Navigators Ins. Co.


2018 NY Slip Op 00631


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5602 653341/13

[*1]Liberty Mutual Fire Insurance Company, as subrogee of Edison Properties, LLC, et al., Plaintiffs-Respondents,
v
Navigators Insurance Company, Defendant-Appellant.


Saiber LLC, Florham Park (Gregory T. Dennison of counsel), for appellant.
Jaffe & Asher, LLP, White Plains (Marshall T. Potashner of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about March 20, 2017, which denied the motion of defendant Navigators Insurance Company (Navigators) for summary judgment dismissing the complaint, and granted the motion of plaintiff Liberty Mutual Fire Insurance Company (Liberty Mutual) as subrogee of Edison Properties, LLC, Edison Construction Management, LLC and 5030 Broadway Properties, LLC for summary judgment awarding Liberty Mutual the amount of $850,000, plus statutory interest and costs as against Navigators, unanimously affirmed, with costs.
An insurer's duty to cover the losses of its insured "is not triggered unless the insured gives timely notice of loss in accordance with the terms of the insurance contract" (Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [1st Dept 2002] [internal quotation marks omitted]). "Even if the insurance policy were construed as specifying that only the named insured . . . was required to provide notice of occurrences, demands and suits to [the insurer], the duty to give reasonable notice as a condition of recovery is implied in all insurance contracts. . . and is applicable to an additional insured" (Structure Tone v Burgess Steel Prods. Corp., 249 AD2d 144, 145 [1st Dept 1998]). Where notice to an excess carrier is at issue, "the focus is on whether the insured reasonably should have known that the claim against it would likely exhaust its primary insurance coverage and trigger its excess coverage, and whether any delay between acquiring that knowledge and giving notice to the excess carrier was reasonable under the circumstances" (National Union Fire Ins. Co. of Pittsburgh, Pa. v Connecticut Indem. Co., 52 AD3d 274, 276 [1st Dept 2008]).
Here, we find that Liberty Mutual's November 17, 2010 letter was sufficient to provide notice of claim to Navigators. However, even if the June 2010 supplemental bill of particulars implicated Navigators' excess policy (see Nova Cas. Co. v Interstate Indem. Co., 42 Misc 3d 1229[A], 2014 NY Slip Op 50250[U] [Sup Ct, Kings County 2014]), and the notice was untimely, Navigators' disclaimer, issued 37 days later, was untimely as a matter of law (see e.g. [*2]Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88-89 [1st Dept 2005]; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278 [1st Dept 2002], lv denied 98 NY2d 605 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK